**David W. Axelrod**, OSB #750231
Email: daxelrod@schwabe.com
**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SEIRUS INNOVATIVE ACCESSORIES, INC.**, a Utah corporation,<br><br>Defendant. | No. 3:15-cv-64<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff, Columbia Sportswear North America, Inc. ("Columbia Sportswear"), brings this Complaint for patent infringement against Defendant Seirus Innovative Accessories, Inc. ("Seirus"), and alleges as follows:

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NSM\15194238.2

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, §§ 281-285 and § 289.

2.      This lawsuit pertains to the Defendant's infringement of Columbia Sportswear's U.S. Patent Nos. D657,093 (the "'093 Patent"), 8,424,119 (the "'119 Patent"), and 8,453,270 (the "'270 Patent") (collectively, the "Columbia Patents").  Collectively, these patents protect Columbia Sportswear's widely-recognized Omni-Heat® technology, a proprietary heat reflective material that regulates temperature by retaining body heat and also provides other desirable features, such as breathability and moisture wicking.  This innovative material is featured as lining in outdoor wear such as jackets, shirts, gloves, socks and headwear sold under the Columbia brand.

3.      Columbia Sportswear seeks injunctive relief and damages against Defendant.


## THE PARTIES

4.      Plaintiff Columbia Sportswear North America, Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located in Portland, Oregon.  Columbia Sportswear North America, Inc. is a wholly-owned subsidiary of Columbia Sportswear Company, a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.  Columbia Sportswear North America, Inc. owns the Columbia Patents.

5.      Defendant Seirus Innovative Accessories, Inc. is a Utah corporation having a principal place of business located in Poway, California.  On information and belief, Defendant Seirus manufactures and sells gloves and glove components, including the accused products in this case, and other sportswear accessories, through various retailers, including retailers in Tigard, Hillsboro, Portland and Corvallis, Oregon.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## JURISDICTION AND VENUE

6.      Columbia Sportswear's cause of action for patent infringement against Seirus arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including §§ 271, 281-85 and 289.  This Court has original jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Seirus because it has infringed the Columbia Patents in this district by selling or offering for sale infringing products for resale to consumers by retail stores, including in Tigard, Hillsboro, Portland and Corvallis, Oregon, and/or by inducing retailers to sell its infringing products in this district.  Seirus also offers or has offered the infringing products for sale through advertising materials circulated to potential customers in this district.  Further, Seirus maintains an Internet site available to consumers within this district on which it advertises its products and hosts a search function whereby users can enter a city or zip code in order to search for local retail stores where Seirus products are sold.  In addition, Seirus also offers or has offered the infringing products for direct sale to consumers in this district through in-store kiosks provided by certain retail stores in this district.  Infringing products sold by Seirus through in-store kiosk sales are, at the option of the consumer, sent for delivery (without shipping cost) to the store in which the consumer ordered the product, or to a personal address of the consumer's choice.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).  Seirus has committed acts of infringement in this district by selling and offering to sell products that infringe the Columbia Patents within this judicial district.  Further, the inventor of Columbia Sportswear's design patent at issue, U.S. D657,093, who is no longer an employee of Columbia Sportswear, resides in Oregon.  Four additional potential third-party witnesses to this action reside in Oregon.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## PROCEDURAL BACKGROUND

9.     Columbia Sportswear discovered in late 2013 that Seirus was infringing its design patent U.S. D657,093 by manufacturing or importing, using, selling and/or offering for sale gloves that embodied Columbia Sportswear's patented design for the heat reflective material lining of outdoor wear such as gloves.  Columbia Sportswear believed, and continues to believe, that Seirus sold or offered the infringing products for sale in the District of Oregon, but could not initially substantiate this belief.  In order to preserve and enforce its patent rights, Columbia Sportswear filed a patent infringement action on December 4, 2013, against Seirus in the United States District for the Western District of Washington at Seattle, Case No. 2:13-cv-2175-RSM. The Western District of Washington was the nearest federal district to Columbia Sportswear's home forum where it could substantiate Seirus' infringement and which it believed at that time to be the most convenient for it and its known third-party witnesses.  Columbia Sportswear immediately notified Seirus regarding the lawsuit, but did not serve Seirus, electing instead to attempt to resolve the issue out of court.

10.     When Seirus refused to stop its infringing conduct, Columbia Sportswear filed and served an Amended Complaint on Seirus on April 2, 2014, adding allegations of infringement of two additional Columbia Sportswear utility patents, 8,424,119, and 8,453,270, which infringement Columbia Sportswear had confirmed since filing the Complaint.  Seirus never filed an Answer to Columbia Sportswear's Amended Complaint denying these allegations, instead moving to dismiss for improper venue, or in the alternative, transfer venue to the Southern District of California, Seirus' home forum.  In its motion, Seirus acknowledged that Columbia Sportswear's "vitality and witnesses" and "such third-party witnesses as the inventors of the patents-in-suit and Plaintiffs' patent prosecution counsel" are all located in Oregon.

11.     Columbia Sportswear moved on June 26, 2014, to stay briefing on the motion to dismiss and sought leave of the Court to take discovery regarding Seirus' contacts with the State of Washington, to permit Columbia Sportswear to fully respond to Seirus' motion.  The Court

Page 4 -      COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

stayed Seirus' motion to dismiss pending resolution of Columbia Sportswear's motion for leave to take discovery.  Columbia Sportswear's motion was under consideration for over six months. Columbia Sportswear notified the Court on two separate occasions, pursuant to the encouragement provided under W.D. Wash. L. R. 7(b)(5), that the motion had been under advisement for more than 45 days.

12.     During the time the motion was under advisement in the Western District of Washington, Columbia Sportswear continued to monitor Seirus' infringing activity and obtained, for the first time, evidence that Seirus was actively infringing its patents in the District of Oregon by at least: selling infringing products for resale to consumers through third-party retail stores, including through direct-to-consumer shipping available through in-store kiosk orders placed by the consumer at certain third-party retail stores that offer Seirus products; offering for sale the infringing products through advertising materials circulated to potential customers in this district; and maintaining an Internet site available to consumers within this district on which Seirus advertises its products and hosts a search function whereby users can enter a city or zip code in order to search for local third-party retail stores where Seirus products are sold, including through direct-to-consumer shipping through in-store kiosk orders.  The availability of the infringing products in this district has increased with time, despite Seirus' knowledge of Columbia Sportswear's allegations of infringement.

13.     On January 6, 2015, over a year after the Complaint was filed, the District Court in Washington denied Columbia's motion for leave to take discovery and ordered Columbia Sportswear to respond to Seirus' motion to transfer venue.

14.     Columbia Sportswear, now certain of infringement of its Omni-Heat® technologies in its home state of Oregon, believes Oregon is the best venue for resolution of this matter.  All of Columbia Sportswear's employee witnesses reside here.  All but one of the six potential third-party witnesses reside in Portland, with the last residing in Utah.

15.     Accordingly, on January 12, 2015, Columbia Sportswear filed a notice of

Page 5 -     COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

dismissal of the action filed in the Western District of Washington pursuant to Fed. R. Civ. P. 41(a).  Subsequently, Columbia Sportswear filed the instant action.

## FACTUAL BACKGROUND

16.     Columbia Sportswear is a leading innovator in the global outdoor apparel, footwear, accessories and equipment markets.  Founded in 1938, Columbia Sportswear apparel, footwear, accessories and equipment have earned a reputation for innovation, quality and performance, serving the needs of outdoor enthusiasts in more than 100 countries.

17.     Columbia Sportswear owns all right, title, and interest in the '093 Patent, entitled "HEAT REFLECTIVE MATERIAL," which was duly and legally issued to Columbia Sportswear by the United States Patent and Trademark Office on April 3, 2012.  The '093 Patent has a single claim that covers the ornamental design for the heat reflective material as shown and described in the figures incorporated into the '093 Patent.  Figures 1 and 2 of the '093 Patent, which show an elevational view and enlarged view of the heat reflecting material, are shown below:



FIG. 1                    FIG. 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Figure 8 of the '093 patent shows the heat reflective material as used in handwear:



18.     Columbia Sportswear owns all right, title, and interest in the '119 Patent, entitled "PATTERNED HEAT MANAGEMENT MATERIAL," which was duly and legally issued to Columbia Sportswear by the United States Patent and Trademark Office on April 23, 2013.  The '119 Patent is directed to body gear using an array of heat managing elements coupled to a base material to direct body heat while also maintaining desirable transfer and other functional properties of the base material.  Figure 10 of the '119 Patent depicts use of the heat management material in a glove:



Page 7 -      COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Figure 3D of the '119 Patent depicts an example of one of multiple patterns contemplated by Columbia Sportswear for use in heat management material, a wavy line pattern:



FIG. 3D

19.     Columbia Sportswear owns all right, title, and interest in the '270 Patent, entitled "PATTERNED HEAT MANAGEMENT MATERIAL," which was duly and legally issued to Columbia Sportswear by the United States Patent and Trademark Office on June 4, 2013.  The '270 Patent is directed to body gear using an array of heat managing elements coupled to a base material to direct body heat while also maintaining desirable transfer properties of the base material.  Figure 10 of the '270 Patent depicts use of the heat management material in a glove:



FIG. 10

Page 8 -       COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Figure 3D of the '270 Patent depicts an example of one of multiple patterns contemplated by Columbia Sportswear for use in heat management material, a wavy line pattern:



FIG. 3D

20.    Defendant Seirus sells gloves under the trade name HEATWAVE that incorporate a lining with reflective material as shown below:



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NSM\15194238.2

21.    The advertising tag included with the Seirus HEATWAVE glove describes the function of the reflective lining material as returning 20 percent more warmth to the user by reflecting the heat emitted from the wearer's body back toward the wearer but while permitting moisture transfer.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

22.     Seirus also sells a glove liner made of the HEATWAVE fabric called the HEATWAVE LINER:



23.     On its website (http://www.seirus.com/snow-sports-detail/2351/), Seirus instructs consumers that the glove liner is to be combined with a glove in order to increase heat: "Our exclusive Heatwave lining as a stand alone glove liner lets you increase the heat of any glove."

24.     Columbia Sportswear, suspecting the Seirus HEATWAVE fabric infringed the Columbia Patents, purchased a pair of gloves for study from Sound Safety Products in Everett, Washington, prior to filing its Complaint in Washington.  Columbia Sportswear confirmed the Seirus gloves infringed its '093 Patent and promptly notified Seirus of the infringement on December 4, 2013, along with filing a Complaint in the United States District Court for the Western District of Washington.  Columbia Sportswear later filed an Amended Complaint to add allegations that the HEATWAVE fabric additionally infringes its '270 Patent and its '119 Patent,

Page 11 -   COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

in addition to the '093 Patent.  Seirus' continued sale of gloves and glove liners made with the HEATWAVE fabric willfully disregards Columbia Sportswear's rights in the Columbia Patents.

25.    Columbia Sportswear has purchased Seirus gloves containing the HEATWAVE fabric in this District, at: Dick's Sporting Goods in Tigard, Oregon; Sports Authority in Hillsboro, Oregon; Sports Authority in Jantzen Beach, Oregon; and Sports Authority in Portland, Oregon.  Columbia Sportswear has further confirmed the gloves have been offered for sale at the Sports Authority in Corvallis, Oregon.

## COUNT I –
## INFRINGEMENT OF UNITED STATES
## <u>PATENT D657,093</u>

26.    Columbia Sportswear restates and realleges each of the allegations, photographs and figures of paragraphs 1-25 as if fully set forth herein.

27.    Seirus has been, and presently is, infringing the '093 Patent within this judicial district by manufacturing or importing into, using, selling and/or offering for sale handwear that embody the patented invention disclosed in the '093 Patent, in violation of 35 U.S.C. §§ 271 and 289.

28.    Seirus is not licensed or otherwise authorized by Columbia Sportswear to make, use, import, sell, or offer to sell any product with heat reflective material whose design is covered by the '093 Patent and its conduct is, in every instance, willful and without Columbia Sportswear's consent.

29.    The design of Seirus' HEATWAVE fabric so closely resembles the invention disclosed in the '093 Patent that an ordinary observer would be deceived into purchasing Seirus' HEATWAVE handwear in the mistaken belief that it includes the invention disclosed in the '093 Patent.  Seirus will continue to manufacture and sell its HEATWAVE handwear unless enjoined by this Court.

Page 12 -    COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

30.     Due to Seirus' infringement of the '093 Patent, Columbia Sportswear is entitled to recover from Seirus damages adequate to compensate for the infringement in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.  As an additional remedy for Seirus' infringement of the '093 Patent, Columbia Sportswear is entitled to recover Seirus' total profits from the sale of its HEATWAVE handwear, but not less than $250 for each article of manufacture or any colorable imitation thereof to which Seirus applied the patented design or which Seirus sold or exposed for sale and to which such design or colorable imitation has been applied, under 35 U.S.C. § 289.

31.     Due to Seirus' infringement of the '093 Patent, Columbia Sportswear has suffered, is suffering, and will continue to suffer irreparable injury and damage for which Columbia Sportswear has no adequate remedy at law.  Columbia Sportswear is therefore entitled to a permanent injunction against Seirus' further infringing conduct.

## COUNT II –

## INFRINGEMENT OF UNITED STATES

## PATENT 8,424,119

32.     Columbia Sportswear restates and realleges each of the allegations, photographs and figures of paragraphs 1-25 and 27-31 as if fully set forth herein.

33.     Seirus is aware of the '119 Patent and is manufacturing or importing into, using, selling and/or offering for sale gloves and glove liners made with the HEATWAVE fabric with knowledge of the '119 Patent.

34.     Seirus has been, and presently is, directly infringing the '119 Patent, literally or under the doctrine of equivalents, within this judicial district by manufacturing or importing into, using, selling and/or offering for sale handwear that include the HEATWAVE fabric that embodies the patented invention disclosed in the '119 Patent, in violation of 35 U.S.C. §§ 271

Page 13 -    COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NSM\15194238.2

and 289.

35.     Seirus' importation into, using, selling and/or offering for sale glove liners comprised of the HEATWAVE fabric directly infringes the '119 Patent under 35 USC § 271, literally or under the doctrine of equivalents.  Alternatively, Seirus' actions regarding the glove liners contributorily infringe the '119 Patent because the HEATWAVE fabric is a material component of the invention disclosed in the '119 Patent, the glove liners have no substantial non-infringing uses, and Seirus has acted with knowledge of the '119 Patent.  Furthermore, Seirus, through its actions and specifically by instructing customers to combine the HEATWAVE LINER with existing gloves, is inducing customers who buy the glove liner to infringe the '119 Patent.

36.     Seirus is not licensed or otherwise authorized by Columbia Sportswear to make, use, import, sell, or offer to sell any product with heat management material covered by the '119 Patent and its conduct is, in every instance, without Columbia Sportswear's consent.

37.     Columbia Sportswear is entitled to recover from Seirus the damages it has sustained as a result of Seirus' wrongful acts in an amount subject to proof at trial, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38.     The infringement by Seirus of the '119 Patent will continue to cause Columbia Sportswear irreparable injury and damage for which there is no adequate remedy at law unless and until Seirus is enjoined from infringing the '119 Patent.

39.     Seirus' infringement of the '119 Patent has been and continues to be willful in light of its knowledge of the '119 Patent since at least December 2013.  Accordingly, this is an exceptional case under 35 U.S.C. § 285 and Columbia Sportswear is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NSM\15194238.2

## COUNT III –

## INFRINGEMENT OF UNITED STATES

## PATENT 8,453,270

40.    Columbia Sportswear restates and realleges each of the allegations, photographs and figures of paragraphs 1-25, and 27-31, and 33-39 as if fully set forth herein.

41.    Upon information and belief, Seirus is aware of the '270 Patent and is manufacturing or importing into, using, selling and/or offering for sale gloves and glove liners made with the HEATWAVE fabric with knowledge of the '270 Patent.

42.    Seirus has been, and presently is, directly infringing the '270 Patent, literally or under the doctrine of equivalents, within this judicial district by manufacturing or importing into, using, selling and/or offering for sale gloves that include the HEATWAVE fabric that embodies the patented invention disclosed in the '270 Patent, in violation of 35 U.S.C. §§ 271 and 289.

43.    Seirus' importation into, using, selling and/or offering for sale glove liners comprised of the HEATWAVE fabric directly infringes the '270 Patent under 35 USC § 271, literally or under the doctrine of equivalents.  Alternatively, Seirus' actions regarding the glove liners contributorily infringe the '270 Patent because the HEATWAVE fabric is a material component of the invention disclosed in the '270 Patent, the glove liners have no substantial non-infringing uses, and Seirus has acted with knowledge of the '270 Patent.  Furthermore, Seirus, through its actions and specifically by instructing customers to combine the HEATWAVE LINER with existing gloves, is inducing customers who buy the glove liner to infringe the '270 Patent.

44.    Seirus is not licensed or otherwise authorized by Columbia Sportswear to make, use, import, sell, or offer to sell any product with heat management material covered by the '270 Patent and its conduct is, in every instance, without Columbia Sportswear's consent.

45.    Columbia Sportswear is entitled to recover from Seirus the damages it has sustained as a result of Seirus' wrongful acts in an amount subject to proof at trial, and in any

Page 15 -    COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NSM\15194238.2

event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.     The infringement by Seirus of the '270 Patent will continue to cause Columbia Sportswear irreparable injury and damage for which there is no adequate remedy at law unless and until Seirus is enjoined from infringing the '270 Patent.

47.     Upon information and belief, Seirus' infringement of the '270 Patent has been and continues to be willful in light of its knowledge of the '270 Patent since at least December 2013. Accordingly, this is an exceptional case under 35 U.S.C. § 285 and Columbia Sportswear is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.


## PRAYER FOR RELIEF

WHEREFORE, Columbia Sportswear respectfully requests that the Court enter judgment in its favor against Defendant Seirus, granting the following relief:

A.     A declaration that the Columbia Patents are valid and enforceable;

B.     A judgment and declaration that Seirus has infringed the Columbia Patents literally and/or under the doctrine of equivalents;

C.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Seirus and its agents, servants, officers, directors, employees, affiliated entities and all persons in active concern or participation with them from continued infringement of the Columbia Patents;

D.     An award of damages adequate to compensate Columbia Sportswear for Seirus' infringement of the Columbia Patents, in an amount no less than a reasonable royalty for the use made of the invention disclosed in the Columbia Patents by Seirus, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284;

E.     An award to Columbia Sportswear equal to Seirus' total profits from the sale of its HEATWAVE handwear, but not less than $250 for each article of manufacture or any colorable imitation thereof to which Seirus applied the patented design or which Seirus sold or

Page 16 -   COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

exposed for sale and to which such design or colorable imitation has been applied, pursuant to 35 U.S.C. § 289;

F.      Enhancement of the damage award based on Seirus' willful infringement of the Columbia Patents.

G.      An award of attorneys' fees pursuant to 35 U.S.C. § 285; and

H.      Such other relief as this Court deems to be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Columbia Sportswear respectfully requests a trial by jury of all issues so triable.

Dated this 12th day of January, 2015.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:     s/ David W. Axelrod
        David W. Axelrod, OSB #750231
        Devon Zastrow Newman, OSB #014627
        Telephone: 503.222.9981
        Facsimile: 503.796.2900

        Trial Attorney:  David W. Axelrod

        Of Attorneys for Plaintiff

Page 17 -    COMPLAINT FOR PATENT INFRINGEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900