**David W. Axelrod**, OSB #750231
Email: daxelrod@schwabe.com
**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Nicholas F. Aldrich, Jr.,** *appearing pro hac vice*
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**SEIRUS INNOVATIVE ACCESSORIES, INC.,** a Utah corporation,<br><br>Defendant. | No. 3:15-cv-00064-HZ<br><br>PLAINTIFF COLUMBIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. DESIGN PATENT NO. D657,093<br><br>**ORAL ARGUMENT REQUESTED** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

# TABLE OF CONTENTS

**Page**

LR 7-1(a) CERTIFICATION REQUIREMENT ........................................................................ 1

MOTION ................................................................................................................................... 1

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS ........................................................................................... 3

      A.     Columbia's D'093 Patent ................................................................................. 3

      B.     Seirus' HeatWave Material ............................................................................... 6

      C.     Seirus' Litigation Position ................................................................................ 8

      D.     Columbia's Proposed Claim Construction ....................................................... 9

III.   SUMMARY OF ARGUMENT ..................................................................................... 9

IV.    LEGAL STANDARD ................................................................................................. 10

      A.     Summary Judgment Standard ......................................................................... 10

      B.     Standard for Design Patent Infringement ...................................................... 12

V.     ANALYSIS .................................................................................................................. 13

      A.     The Court should grant summary judgment that the accused HeatWave
           Products made from the HeatWave Material infringe the D'093 Patent. ............. 13

      B.     Seirus' Non-Infringement Arguments Are Based Upon Legally Erroneous
           Premises And Should Be Summarily Rejected .................................................. 18

VI.    CONCLUSION ............................................................................................................ 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................................................10, 11

*Avia Group Intern., Inc. v. L.A. Gear California, Inc.*,
853 F.2d 1557 (Fed. Cir. 1988) (*rev'd on other grounds by Egyptian Goddess*,
543 F.3d 665) ......................................................................................................11

*Braun Inc. v. Dynamics Corp. of Am.*,
975 F.2d 815 (Fed. Cir. 1992)............................................................................13

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys.*,
911 F.2d 670 (Fed. Cir. 1990).............................................................................10

*Cornucopia Prods., LLC v. Dyson Inc.*,
2012 U.S. Dist. LEXIS 104750 (D. Ariz. July 27, 2012) .....................................19

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
543 F.3d 665 (Fed. Cir. 2008)....................................................................... *passim*

*Elmer v. ICC Fabricating, Inc.*,
67 F.3d 1571 (Fed. Cir. 1995)..............................................................................12

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
2014 U.S. Dist. LEXIS 184538 (S.D. Ohio Jan. 22, 2014), *rev'd on other
grounds* 796 F.3d 1312 (Fed. Cir. 2015) .............................................................11

*Glaxo Group Ltd. v. Torpharm, Inc.*,
153 F.3d 1366 (Fed. Cir. 1998)............................................................................11

*Gorham Co. v. White*,
81 U.S. (14 Wall.) 511 (1871) ........................................................................12, 18

*Herbko Int'l. Inc. v. Gemmy Industries Corp.*,
916 F. Supp. 322 (S.D.N.Y. 1996)........................................................................21

*Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*,
2012 U.S. Dist. LEXIS 103864 (S.D.N.Y. July 24, 2012) .....................................21

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Jack Schwartz Shoes v. Skechers U.S.A.*,
2002 U.S. Dist. LEXIS 25699 (S.D.N.Y. 2002) ...................................................19

*John Charles Designs, Inc. v. Queen Intern. Design, Inc.*,
940 F. Supp. 1516 (C.D. Cal. 1996) ...............................................................11, 12

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
988 F.2d 1117 (Fed. Cir. 1993)......................................................................1, 18

*Moen Inc. v. Foremost Intern. Trading, Inc.*,
38 F. Supp. 2d 680 (N.D. Ill. 1999), *dismissed*, 232 F.3d 915 (Fed. Cir. 2000).....................11

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*,
998 F.2d 985 (Fed. Cir. 1993)........................................................................13

*Physio-Control Corp. v. Medical Research Labs.*,
1988 U.S. Dist. LEXIS 192, 1988 WL 5023 (N.D. Ill. Jan. 15, 1988) ...................................18

*Rockport Co., Inc. v. Deer Stags, Inc.*,
65 F. Supp. 2d 189 (S.D.N.Y. 1999)..................................................................19

*Sun Hill Indus. v. Easter Unlimited, Inc.*,
48 F.3d 1193 (Fed. Cir. 1995)........................................................................20

*Superior Merchandise Co., Inc. v. M.G.I. Wholesale, Inc.*,
1999 U.S. Dist. LEXIS 16674 (E.D. La. Oct. 25, 1999) ...............................................21

*Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*,
491 F. Supp. 2d 871 (D. Minn. 2007)................................................................18

*Unidynamics Corp. v. Automatic Prods. Int'l*,
157 F.3d 1311 (Fed. Cir. 1998)......................................................................11

*Unique Functional Prods., Inc. v. Mastercraft Boat Co., Inc.*,
82 Fed. Appx. 683 (Fed. Cir. 2003) ..................................................................20

## Other Authorities

10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2732.1 (2d ed. 1983) ...........................................................................................2, 11

FED. R. CIV. P. 56.............................................................................1, 10, 22

Page iv -   COLUMBIA'S MOTION FOR PARTIAL SUMMARY
JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3

## LR 7-1(a) CERTIFICATION REQUIREMENT

Counsel for Plaintiff Columbia Sportswear North America, Inc. ("Columbia") conferred with counsel for Defendant Seirus Innovative Accessories, Inc. ("Seirus") regarding the subject of this motion by telephone conference on March 4, 2016. The parties were unable to resolve the dispute and Seirus will oppose this motion. The Court's assistance is respectfully requested.

## MOTION

Columbia moves pursuant to FED. R. CIV. P. 56 for summary judgment in favor of Columbia on Count I of its Complaint, and against Seirus on Count I of its Counterclaims. Specifically, Columbia seeks summary judgment that Seirus infringes U.S. Design Patent No. D657,093 (the "D'093 Patent"), entitled Heat Reflective Material, by importing, offering for sale, and selling products that incorporate its HeatWave material ("HeatWave Material"). These accused products are referred to herein as the HeatWave Products.

## POINTS AND AUTHORITIES

## I.     INTRODUCTION

Columbia moves for summary judgment of infringement because the overall appearance of the Seirus HeatWave Material is substantially the same as the overall appearance of the design in the D'093 Patent. This conclusion is further confirmed when viewed "in the context of the prior art" of record. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008) (en banc). Seirus' primary defense is that because it added its Seirus logo to the HeatWave Material (which is otherwise almost identical in design), infringement is avoided. But design patents do not "allow [] avoidance of infringement by labelling." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126 (Fed. Cir. 1993). With the logo properly excluded from the infringement analysis, there is no disputed issue of material fact on the issue of infringement: the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

patented and accused designs are <u>essentially identical</u>, and summary judgment should be granted.



(*Compare* Exs. A, Fig. 1 & S (Aldrich Decl. ¶ 18).)

Simply put, the HeatWave Products, made from the HeatWave Material, practice the D'093 Patent.  No reasonable juror could conclude otherwise.

As explained below and in Columbia's Opening Claim Construction Brief, filed contemporaneously herewith, the scope of the design patent claim and Seirus' infringement arguments overlap.  Seirus' asserted defenses to infringement relate solely to the legal scope of the design patent claim, an issue that should be resolved by the Court in its claim construction ruling.  Once claim scope is determined by the Court, cases "involving design patents . . . are relatively simple and the failure to grant summary judgment when otherwise appropriate would be 'an absurd waste of time.'"  10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2732.1 (2d ed. 1983).

To aid in expediently resolving the case, and because no genuine dispute of material fact remains, the Court should grant summary judgment that the D'093 Patent is infringed.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## II.   STATEMENT OF FACTS

### A.   Columbia's D'093 Patent

Columbia is the owner by assignment of the D'093 Patent. [1]  (Ex. A.)  The D'093 Patent

has one claim, which is directed to "[t]he ornamental design of a heat reflective material, as

shown and described."  (*Id*.)  Figures 1 and 2 reflect an embodiment of the claimed

ornamentation.



FIG. 2

---

[1] "Ex ___" refers to the exhibits to the Declaration of Nika Aldrich in Support of Columbia's
Motion for Partial Summary Judgment of Infringement of the D'093 Patent, submitted
contemporaneously herewith.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Figures 4-10 show applications of "the heat reflective material" on various items, including socks and gloves:



Notably, these figures from the D'093 Patent show the claimed design used in various orientations, including horizontal, vertical and diagonal.

Before issuing the Notice of Allowance for the D'093 Patent, and during the course of prosecution of the D'093 Patent, the U.S. patent examiner reviewed many prior art references. Those prior art references, noted on the face of the D'093 Patent, include U.S. Design Patent Nos. D119,351 to Tabin (Ex. B), D130,877 to Tips (Ex. C), D154,151 to Ryan (Ex. D), D551,407 to Caruso (Ex. E), D573,354 to Nam (Ex. F), D583,568 to Sordi (Ex. G), D631,262 to Evans (Ex. H), D638,224 to Ko (Ex. I), and U.S. Patent No. 7,226,879 to Tilton (Ex. J).  The prior art designs shown in those patents are shown in the chart below:

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900



As is apparent from the prior art, the designs vary considerably.  A designer has much latitude when designing the appearance for a material.  Here, the design of the D'093 Patent was a significant departure from the designs of the prior art.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3

### B.   <u>Seirus' HeatWave Material</u>

In 2013, without authorization, Seirus started importing, offering for sale, and selling articles of clothing incorporating its "HeatWave" Material.  [Dkt. No. 16, p. 10.][2]  Fitting to the brand's Heat***Wave*** name and identity, Seirus' HeatWave Material is a heat reflective material using an ornamental design of adjacent, contrasting wavy lines:



(Ex. N.)

Seirus admits in its marketing materials that HeatWave Material is a "heat reflective material."  For example, the hang tags on its products represent that it has a "Reflective Stage" that "Returns 20% More Warmth."  Seirus' graphic shows that "Heat" is reflected by the

---

[2] Seirus actually uses two versions of HeatWave Material.  One is a "two-way stretch" fabric, and the other is a "four-way stretch" fabric.  (Ex. L, p. 7.)  However the design on these two variations is visually identical.  (Compare Exs. M & N.)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

"Reflective Stage," and has arrows showing the return of the reflected "HEAT" and

"WARMTH":



(Ex. O.)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Seirus uses the HeatWave Material to make clothing accessories, including socks and gloves:



(Exs. U and T.)

### C.      Seirus' Litigation Position

In Interrogatory No. 1 of its May 4, 2015 interrogatories, Columbia sought Seirus' contentions that support its pleading denial that HeatWave Products infringe the D'093 Patent, including "identification of all intrinsic or extrinsic evidence" in support of any such contention. (Ex. P, p. 5.)  On June 22, 2015, Seirus served a response (Ex. Q), and on November 11, 2015, Seirus served a Supplemental Response to Interrogatory No. 1.[3]  (Ex. L, pp. 3-6.)  Seirus' entire contention why it does not infringe the D'093 design patent is as follows:

> . . . Seirus contends that it does not infringe that claim . . . because
> there are numerous distinguishing features . . . include[ing],
> without limitation, fundamental and prominent differences in
> color, orientation, size and spacing, as well as the prominent
> presence of the "SEIRUS" logo in the accused products . . .
> Accordingly, the ordinary observer would not be "deceived into
> purchasing" the accused Seirus product "under the mistaken belief

---

[3] The response is mislabeled in the document as the response to Interrogatory No. 2.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

that it includes" the alleged invention of the Design Patent Claim
as alleged by Columbia.

(*Id.* pp. 8-9.)

Notably, Seirus did not identify any prior art as either intrinsic or extrinsic evidence in
response to this interrogatory or in the parties' Joint Claim Construction Statement.  These
omissions are significant because design patent infringement is assessed "in the context of the
prior art," *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008) (en banc),
and "the burden of production of that prior art is on the accused infringer."  *Id.* at 678.

### D.   Columbia's Proposed Claim Construction

Each of Seirus' noninfringement contentions presents only a legal issue going to the
scope of the D'093 Patent claim.  Columbia has addressed each of these legal issues in the
following claim construction:

> On a material designed to reflect heat, a repeating pattern of
> adjacent wavy lines of contrasting colors, without regard to (i) any
> trade names or logos in the pattern, (ii) orientation of the pattern,
> and (iii) the choices of the colors used.

[Dkt. No. 67, pp. 5, 13.]

### III.   SUMMARY OF ARGUMENT

No reasonable jury could find that Seirus does not infringe the D'093 Patent by
importing, offering for sale, and selling products made from the HeatWave Material.  When
comparing the HeatWave Material to the D'093 Patent figures, and further in light of the prior
art of record, which is the prior art that was on the face of the D'093 Patent, no reasonable jury
could conclude that the design of the HeatWave Material does not incorporate an overall
appearance that is substantially the same as the design claimed in the D'093 Patent.

In an attempt to avoid this inescapable conclusion, Seirus argues that the HeatWave

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Material includes differences in color, size, orientation, and points to the application of its

SEIRUS logo to the HeatWave Material.  But the Federal Circuit has held that the use of logos

and the other allegedly distinguishing elements identified by Seirus cannot, as a matter of law,

avoid design patent infringement.  Once the proper claim scope is identified, there is no genuine

dispute of material fact that could support Seirus' non-infringement contentions—when limited

to legally relevant features, for example, with the logo removed, the designs for the two heat

reflective materials are virtually identical:



(*Compare* Exs. A, Fig. 1 & S (Aldrich Decl. ¶ 18).)

Therefore, the Court should grant summary judgment that Seirus infringes the D'093

Patent.

## IV.   LEGAL STANDARD

### A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there

is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Summary

judgment is as appropriate in a patent case as it is in any other case."  *C.R. Bard, Inc. v.*

*Advanced Cardiovascular Sys.*, 911 F.2d 670, 672 (Fed. Cir. 1990).

An issue of fact is material if, under the substantive law of the case, resolution of the

factual dispute might affect the outcome.  *Anderson*, 477 U.S. at 248.  A dispute about a material

Page 10 -   COLUMBIA'S MOTION FOR PARTIAL SUMMARY
JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3

fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *Glaxo Group Ltd. v. Torpharm, Inc.*, 153 F.3d 1366, 1370 (Fed. Cir. 1998). Thus, a genuine issue for trial exists only if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Anderson*, 477 U.S. at 250. However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *Avia Group*, 853 F.2d at 1560.

"Summary judgment is as appropriate in a design patent case as in any other case." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2014 U.S. Dist. LEXIS 184538, at *10-11 (S.D. Ohio Jan. 22, 2014), *rev'd on other grounds* 796 F.3d 1312 (Fed. Cir. 2015). Moreover, "some patent cases . . .—those involving design patents, for example—are relatively simple and the failure to grant summary judgment when otherwise appropriate would be 'an absurd waste of time.'" Wright et al., *supra*, at § 2732.1. For these reasons, courts frequently grant summary judgment of infringement of design patents. *See Moen Inc. v. Foremost Intern. Trading, Inc.*, 38 F. Supp. 2d 680, 684 (N.D. Ill. 1999), *dismissed*, 232 F.3d 915 (Fed. Cir. 2000) ("In light of the overwhelming, overall similarity in ornamental design [there is no] genuine issue for trial."); *John Charles Designs, Inc. v. Queen Intern. Design, Inc.*, 940 F. Supp. 1516 (C.D. Cal. 1996) (granting summary judgment of infringement to the plaintiff); *Unidynamics Corp. v. Automatic Prods. Int'l*, 157 F.3d 1311, 1324-25 (Fed. Cir. 1998) (recognizing the availability of a summary judgment of infringement, but remanding for proper application of the ordinary observer test); *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1988) (*rev'd on other grounds by Egyptian Goddess*, 543 F.3d 665) (affirming summary judgment of willful

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

infringement of two design patents).  Where summary judgment of infringement is sought, the

Court should "perform[] its own comparison of [the accused products] to the patented design[]."

*Id.* at 1555.

**B.      Standard for Design Patent Infringement**

Infringement of a design patent is determined by first construing the claim of the design

patent and then comparing the properly construed claim to the design of the accused device.

*Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

The Court will complete the first step in the context of its claim construction ruling.  The

standard for the second, comparing, step comes from *Gorham Co. v. White,* 81 U.S. (14 Wall.)

511 (1871):

> [I]f, in the eye of an ordinary observer, giving such attention as a
> purchaser usually gives, two designs are substantially the same, if
> the resemblance is such as to deceive such an observer, inducing
> him to purchase one supposing it to be the other, the first one
> patented is infringed by the other.

81 U.S. at 528.  This is known as the "ordinary observer test."  *Egyptian Goddess*, 543 F.3d at

670.

When applying the ordinary observer test, "the ordinary observer is deemed to view the

differences between the patented design and the accused product in the context of the prior art."

*Id.* at 676.  "When the differences between the claimed and accused design are viewed in light of

the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of

the claimed design that differ from the prior art.  And when the claimed design is close to the

prior art designs, small differences between the accused design and the claimed design are likely

to be important to the eye of the hypothetical ordinary observer."  *Id.*  Accordingly, the accused

design does not have to be "identical to the patented design" for infringement to be found.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992).  "[M]inor differences do not prevent a finding of infringement where the overall effect of the designs is substantially the same."  *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993).

The burden is on the accused infringer to produce any allegedly relevant prior art for the comparison:  "[i]f the accused infringer elects to rely on the comparison prior art as part of its defense against the claim of infringement, the burden of production of that prior art is on the accused infringer."  *Id.* at 678.  "[T]he patentee bears the ultimate burden of proof to demonstrate infringement by a preponderance of the evidence."  *Id.* at 679.  As noted above, Seirus has identified no extrinsic prior art, leaving only the prior art considered by the USPTO Examiner during prosecution of Columbia's design patent for the evaluation.

## V.    ANALYSIS

### A.    The Court should grant summary judgment that the accused HeatWave Products made from the HeatWave Material infringe the D'093 Patent.

The overall appearance of the HeatWave Material is substantially the same as the D'093 Patent claimed design.  A side-by-side comparison of the patented and accused designs (excluding logo) shows that they are virtually identical.



(*Compare* Exs. A, Fig. 1 & S (Aldrich Decl. ¶ 18).)

This conclusion is further confirmed when the comparison is conducted in view of the Prior Art:

Page 13 -    COLUMBIA'S MOTION FOR PARTIAL SUMMARY
JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3

| Prior Art | Patented Design | Accused Product |
|---|---|---|



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900



| Prior Art | Patented Design | Accused Product |
|-----------|-----------------|-----------------|
| Tips | | |
| Nam | | |
| Ko | | |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

The ornamental design of the D'093 Patent is distinctly different from any of the designs of the Prior Art.  In contrast, the design of the HeatWave Material is virtually identical to the design of the D'093 Patent.  At minimum, the designs are substantially the same in the eyes of an ordinary observer.  The uniqueness of the design of the D'093 Patent when compared to the Prior Art, coupled with the closeness of the design of the HeatWave Materials when compared to the design of the D'093 Patent, leads to one singular conclusion—rank infringement.  Tellingly, and consistent with this conclusion, Seirus incorporates its HeatWave Material into the very products and in the very manner shown in the representative examples shown in the D'093 Patent:



| Patented Design | Seirus Products |
| --- | --- |

(Exs. A, Figs. 7 & 8; T, U.)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Because the design of the HeatWave Material is "substantially the same" as the design of the D'093 Patent to an ordinary observer, *Gorham*, 81 U.S. at 528, "view[ed] . . . in the context of the prior art," *Egyptian Goddess*, 543 F.3d at 676, this Court should grant summary judgment of infringement.  No reasonable jury, properly instructed, could reach a conclusion other than that the HeatWave Products infringe the D'093 Patent.  Accordingly, Columbia's motion for summary judgment of infringement should be granted.

### B.   Seirus' Non-Infringement Arguments Are Based Upon Legally Erroneous Premises And Should Be Summarily Rejected.

As explained in Columbia's Opening Claim Construction Brief, submitted herewith, Seirus' defenses to infringement are legal in nature.[4]

First, Seirus argues that the insertion of its logo on the accused HeatWave Material supports its non-infringement position.  But the case law has expressly rejected such an argument, concluding that it is legal error to rely upon such a difference when it comes to design patent infringement.  Indeed, the Federal Circuit has expressly concluded that design patents do not "allow [] avoidance of infringement by labelling."  *L.A. Gear*, 988 F.2d at 1126 (Fed. Cir. 1993).  As in *L.A. Gear* and the numerous other cases that address the use of logos in design patents, the logo cannot allow Seirus to "avoid[ ] infringement."  *Id.*; *see also*, *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 881 (D. Minn. 2007) ("the presence of a logo cannot defeat a design-infringement claim"); *Physio-Control Corp. v. Medical Research Labs.*,

---

[4] Seirus does not even refer to the correct legal standard in its noninfringement contentions.  "Seirus contends that it does not infringe [because] the ordinary observer would not be "deceived into purchasing" the accused Seirus product "under the mistaken belief that it includes" the alleged invention of the Design Patent Claim . . ."  But design patent infringement requires the comparison to be done when viewed "in the context of the prior art."  *Egyptian Goddess*, 543 F.3d at 676.  Seirus fails to mention any prior art in its noninfringement contentions.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

1988 U.S. Dist. LEXIS 192, 1988 WL 5023, at *1 (N.D. Ill. Jan. 15, 1988)  ("'A determination

of the [design patent] infringement issue is somewhat of an existential exercise.  It is not enough

to say that no one would confuse the two designs because one is red and the other is green and

both have prominently displayed logos.  The test is not palming off; color and designations are

not part of the patented design and must be ignored."); *Cornucopia Prods., LLC v. Dyson Inc*.,

2012 U.S. Dist. LEXIS 104750 (D. Ariz. July 27, 2012) ("design patent protection would

essentially collapse if putting one's own logo on an otherwise identical product could defeat the

ordinary observer test; *Jack Schwartz Shoes v. Skechers U.S.A*., 2002 U.S. Dist. LEXIS 25699

(S.D.N.Y. 2002) (granting motion for summary judgment of design patent infringement, despite

presence of logo on accused design); *Rockport Co., Inc. v. Deer Stags, Inc*., 65 F. Supp. 2d 189,

195 (S.D.N.Y. 1999) (rejecting argument that the presence of a logo in the accused design is

material to design patent infringement analysis.)

 The proper comparison is the patent design to the accused design, <u>excluding</u> any logos or

trade names.  To that end, the image on the left is the D'093 Patent, and the image on the right is

HeatWave Material with the logos digitally removed and replaced with portions of the

surrounding wave pattern:

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900



(Exs. A, Fig. 1 & S (Aldrich Decl. ¶ 18).)

Given the proper claim scope, Seirus' HeatWave pattern fits squarely within the scope of the D'093 Patent claim as it is more than "substantially similar"; it is virtually identical.

Second, Seirus asserts that differences in size and color support its claim of non-infringement. However, the D'093 Patent makes no mention of size or color. Here again, the case law is clear that it is legal error to rely upon design elements (e.g. size, color) not found within the design patent when conducting the infringement analysis. Here, inasmuch as the D'093 Patent makes no mention of size or color, Seirus' arguments regarding size and color should be rejected out of hand. See, e.g., *Unique Functional Prods., Inc. v. Mastercraft Boat Co., Inc.*, 82 Fed. Appx. 683, 690 (Fed. Cir. 2003) ("the '777 patent is not limited to any particular size or color. We conclude, therefore, that the court erred by taking those features into consideration in its infringement analysis"); *Sun Hill Indus. v. Easter Unlimited, Inc.,* 48 F.3d 1193, 1196 (Fed. Cir. 1995) (reversing finding of design patent infringement where the "trial

Page 20 -   COLUMBIA'S MOTION FOR PARTIAL SUMMARY
                    JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

court committed legal error by relying on unclaimed features" such as color, size and material that were not included in design patent); *Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*, 2012 U.S. Dist. LEXIS 103864 (S.D.N.Y. July 24, 2012) ("Where—as here—the design patent is not limited to a particular size, color, or construction material, such factors should not be taken into consideration in performing an infringement analysis . . .  Accordingly, this Court will not consider the size, color, sheen, or construction material of the products, as these features are not claimed in Hutzler's design patents."); *Herbko Int'l. Inc. v. Gemmy Industries Corp.*, 916 F. Supp. 322, 326 (S.D.N.Y. 1996) ("If an ordinary consumer were to be deceived, the deception would result from shared features of the products that are not protected by the design patent: (1) features that are not included in Herbko's patent, such as the color, size and material (plastic) of the two products...."); *Superior Merchandise Co., Inc. v. M.G.I. Wholesale, Inc.*, 1999 U.S. Dist. LEXIS 16674 (E.D. La. Oct. 25, 1999) ("Unclaimed features are irrelevant; color, size and construction material cannot be the basis of similarity where these features of the commercial embodiment are beyond those described in the patent claim.")

Third, Seirus asserts that a difference in the orientation of its HeatWave Material on the HeatWave Products supports its claim of non-infringement.  Here again, it would be legal error to follow Seirus' argument since the D'093 Patent is not limited to a particular orientation. Indeed, in the representative examples in the D'093 Patent showing potential applications of the heat reflective material, the orientations vary, including vertical, horizontal and diagonal orientations.  In short, Seirus' attempt to limit the scope of the D'093 Patent to a particular orientation is legally erroneous and should be summarily rejected.  When properly construed, the design of the D'093 Patent clearly covers the design of the HeatWave Material; it is not only "substantially the same," it is virtually identical.  No reasonable juror could conclude otherwise.

Page 21 -   COLUMBIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3

Accordingly, with or without a construction that addresses the Seirus logo in the HeatWave Material, this Court should grant summary judgment that it practices the D'093 Patent, and that Seirus therefore infringes.

## VI.    <u>CONCLUSION</u>

For the reasons stated herein, Columbia respectfully requests that the Court enter summary judgment pursuant to Rule 56 that Seirus' HeatWave Products, which incorporate the HeatWave Material, infringe the claim of the D'093 Patent.

Dated this 7th day of March, 2016.


Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By: s/ Nicholas F. Aldrich, Jr.
    David W. Axelrod, OSB #750231
    Devon Zastrow Newman, OSB #014627
    Scott D. Eads, OSB #910400
    Nicholas F. Aldrich, Jr., *appearing pro hac vice*
    Telephone: 503.222.9981
    Facsimile: 503.796.2900

    Of Attorneys for Plaintiff
    Columbia Sportswear North America, Inc.


Page 22 -    COLUMBIA'S MOTION FOR PARTIAL SUMMARY
             JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\106477\192966\NFA\17772827.3