Christopher S. Marchese (SBN 170239), marchese@fr.com
Seth M. Sproul (SBN 217711), sproul@fr.com
Michael A. Amon (SBN 226221), amon@fr.com
Garrett K. Sakimae (SBN 288453), sakimae@fr.com
Tucker N. Terhufen (SBN 311038), terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099

Renée Rothauge, (SBN 271239), reneerothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Tel: (503) 295-3085, Fax: (503) 323-9105

Attorneys for Defendants, Seirus Innovative Accessories, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation<br><br>Defendants. | Case No. 3:17-cv-01781<br><br>**SEIRUS' CORRECTED MOTION FOR RECONSIDERATION REGARDING COLUMBIA'S BURDEN TO PROVE INFRINGEMENT**<br><br>Judge:  Marco A. Hernandez<br>Courtroom: 3C<br>Date:  September 18, 2017<br>Time:  9:00 AM<br><br>Date Action Filed: January 12, 2015<br>Trial Date: September 18, 2017 |

This Court orally granted a motion by Columbia compelling Seirus to provide a list of products that do not contain the HeatWave fabric on the inside. The Court's order improperly shifts Columbia's burden to prove that Seirus's products infringe the asserted claims to Seirus by requiring that Seirus identify and prove which products do not infringe. Columbia bears the burden to show each product infringed, and failed to do so. Seirus respectfully requests that the Court reconsider and require Columbia to prove its case, as the law requires.

It is black letter law that a patentee asserting infringement of multiple products bears burden of proving infringement for ***each*** of the accused products. *See AFG Indus. Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1374 (Fed. Cir. 2004) (remanding and requiring that the district court examine distinct products separately in determining infringement); *Milos Misha Subotincic v. 1274274 Ontario Inc.*, No. SACV 10-01946 AG, 2013 WL 3964994, at *7 (C.D. Cal. Apr. 9, 2013) ("Infringement must be proven for each accused product."). Where multiple products are at issue, the patentee may prove infringement for each accused product individually, or it may establish a representative product. Where a patentee attempts to prove infringement of a number of different products through a single representative product, as Columbia does here, the patentee's burden includes proving that the allegedly representative product is, in fact, representative. *See Sponsion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1350–51 (Fed. Cir. 2010) (holding the panel correctly found, as it was required, that substantial evidence tied the expert testimony on the selected products to each the accused product); *Milos Misha Subotincic*, 2013 WL 3964994, at *7 ("Though using a representative product can be proper, substantial evidence needs to sufficiently tie infringement to the accused products").

Thus Columbia—***not Seirus***—must provide substantial evidence that (1) the representative product meets every limitation of the asserted claims; and that (2) the representative product is in fact representative. Only after Columbia has met its initial

burden does Seirus have any burden to come forward with contrary evidence. *See Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1369 (Fed. Cir. 2006).  This Court's oral order turns this well-established assignment of the burdens on its head. The order allows Columbia to only meet the first part of its burden (showing that a representative product allegedly infringes) but improperly shifts the burden for the second part to Seirus.  That is, Seirus now bears the burden to affirmatively show in the first instance that the representative product ***is not representative***.  That is legal error.  Seirus has no obligation to come forward with contrary evidence until Columbia has made its *prima facie* case—which it has not done.

Columbia argued that Seirus was required to provide this list because asked for but did not receive such a list during discovery, specifically referencing its Request for Production No. 2 and its Interrogatory No. 1.  As to the RFP, Columbia's justification is disingenuous at best.  Despite its claim that Seirus never responded, Columbia never sought to compel a response from Seirus.  Moreover, Columbia itself placed ***over fifty*** Seirus products on its exhibit list, but then removed them suddenly the day before trial once they realized they had not properly accounted for each product instead seeking a stipulation that might solve their problem.  *Compare* Ex. B (Columbia's Third Amended Exhibit List, served September 16) at 30–33 (listing 51 "Product samples" as exhibits 635–686) *with* Ex. C (Columbia's Fourth Amended Exhibit List, served September 17) at 30–33 (showing those same exhibits as "Exhibit Withdrawn").

As to Columbia's claim that Seirus failed to adequately respond to its first interrogatory, Columbia is wrong for two reasons.  First, Seirus adequately disclosed its non-infringement theory for all accused products with inward facing HeatWave fabric, namely, that Dr. Cole's testing has not satisfied Columbia's burden to show infringement for each product.  *See*, *e.g.*, Ex. D (Block Rebuttal Report re: Non-Infringement) at 6–7 ("I find [Dr. Cole] has not demonstrated Columbia can carry its burden to prove by a preponderance of the evidence that those accused products meet

every claim limitation of the Asserted Claims at least because Dr. Cole has not reliably shown that the accused HeatWave fabric practices the 30-70% (or 3:7-7:3) surface area coverage claim limitations.")

Second, Seirus was under no obligation to identify accused products on its own before Columbia provided its basis for believing those products infringed. Columbia never identified the specific products accused in its infringement contentions as it was required to do, thus failing to meet its initial burden to show infringement by the various products it now accuses. Columbia's current request improperly attempts to shift the burden to Seirus to identify non-infringing products before Columbia has identified each accused product. Similarly, Columbia asked Seirus to provide the basis for Seirus's belief that any of the "Heatwave Products" did not infringe any of the patents originally asserted in this case. See Ex. A, at 5. Columbia nowhere provided a list of the products contained within the definition of "Heatwave Product," but instead pointed generally to Seirus's website and asked Seirus to identify the products that contained the "Heatwave Fabric." A defendant is not required to answer a contention interrogatory until it has sufficient information with which to answer, such as which products the plaintiff believes are infringing. *See Gen-Probe v. Becton, Dickinson and Co.*, Civil No. 09cv2319, 2010 WL 2011526 at *1-2 (S.D. Cal. May 19, 2010); *see also Facedouble, Inc. v. Face.com, Inc.*, No. 12CV1584-DMS MDD, 2014 WL 585868, at *A2 (S.D. Cal. Feb. 13, 2014) (noting that courts have found requiring answers to non-infringement contentions only after "the plaintiff has provided its infringement contention with corresponding claim charts, which allow the defendant to respond accordingly").

At trial, Columbia's expert Dr. Cole opined on fabrics, not products. Under the law, that is insufficient if not tied to an actual accused product. Thus, Seirus was not, nor should it now, be required to come forward in the first instance with contrary evidence showing which products do not infringe—not where Columbia has never met its initial burden.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated:  September 21, 2017 | FISH & RICHARDSON P.C. |
|   | By: */s/ Christopher S. Marchese*<br>Christopher S. Marchese<br>marchese@fr.com |
|   | Attorneys for Defendant, Seirus Innovative Accessories, Inc. |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 21, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com