Christopher S. Marchese (SBN 170239), marchese@fr.com
Seth M. Sproul (SBN 217711), sproul@fr.com
Michael A. Amon (SBN 226221), amon@fr.com
Garrett K. Sakimae (SBN 288453), sakimae@fr.com
Tucker N. Terhufen (SBN 311038), terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099

Renée Rothauge, (SBN 271239), reneerothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Tel: (503) 295-3085, Fax: (503) 323-9105

Attorneys for Defendant, Seirus Innovative Accessories, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation<br><br>Defendants. | Case No. 3:17-cv-01781<br><br>**SEIRUS' MOTION TO ALLOW TESTIMONY REGARDING *INTER PARTES* REVIEW OF U.S. PATENT NO. 8,453,270**<br><br>Judge:   Marco A. Hernandez<br>Courtroom: 3C<br>Date:   September 18, 2017<br>Time:   9:00 AM<br><br>Date Action Filed: January 12, 2015<br>Trial Date: September 18, 2017 |

Columbia filed a motion *in limine* to preclude Seirus from introducing *inter partes* review ("IPR") proceedings related to U.S. Patent No. 8,453,270 [Dkt. No. 215], and that motion was granted at the Pre-trial Conference. Seirus has abided by the Court's ruling. However, of its own accord, Columbia opened the door to the IPR. During the cross-examination of Dr. Ira Block, Columbia exhibited the prosecution history's rejection of Fottinger.

> Q. And do you remember when Mr. Blackford testified that he disclosed Fottinger to the patent office and three weeks later the patent office looked at it and said you've got a valid patent? Do you remember that testimony?
>
> A. That might be what he thought.

[Ex. A (Sept. 25, 2017 Rough Trial Tr.) at 54:8-13]

> Q. And do you remember Mr. Blackford testified that five days before he sent Fottinger to the patent office, he also sent a copy of Worley to the patent office. Do you seethy (sic) there?
>
> A. That is what he claimed.
>
> Q. And the patent office with Fottinger and Worley in their hand at the same time issued separate notices of allowability over both Worley and Fottinger a few weeks apart from each other, correct?
>
> A. That is what he believed.
>
> Q. And you are suggesting that the jury should find by clear and convincing evidence that the examiner got it all wrong. Is that right?
>
> A. No. Of course not. May I continue with your Worley, Fottinger, and all the other claims supposedly made to the patent office?

[*Id.* at 54:22-55:11.]

In that line of questioning, Columbia introduced evidence to the jury that the patent office blessed Fottinger, thus, implying that the story ended there. [*Id*.] That is false. The Patent Trial and Appeal Board recently determined that there is "a reasonable likelihood that [the Petitioner] will prevail in showing the unpatentability of claim[] 2" of the '270 patent based on Fottinger. [Ex. B (Tr. Ex. 1175) at 2.] Thus, to cure the misleading state of the record, Seirus should be granted leave from this Court's prior motion *in limine* ruling. Seirus will be brief in its introduction of this evidence using only what is necessary to cure the record.

Dated:  September 26, 2017          FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com

Attorneys for Defendant, Seirus Innovative Accessories, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 26, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com