DAVID R. BOYAJIAN (SBN #257825)
DAVID W. AXELROD (OSB #750231)
  admitted *pro hac vice*
BRENNA K. LEGAARD (OSB #001658)
  admitted *pro hac vice*
NICHOLAS F. ALDRICH, JR. (OSB #160306)
  admitted *pro hac vice*
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
E-mail: dboyajian@schwabe.com
       daxelrod@schwabe.com
       blegaard@schwabe.com
       naldrich@schwabe.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>        Defendant. | Case No.: 3:17-cv-01781-HZ<br><br>**COLUMBIA SPORTSWEAR NORTH AMERICA, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**<br><br>Judge:     Marco A. Hernandez<br><br>Date Action Filed: January 12, 2015<br>Trial Date: September 18, 2017 |

1
2

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................1

FACTUAL BACKGROUND.........................................................................3

    A.   Seirus declined to seek a stay of litigation and request
        reexamination of the Design Patent at the PTO........................3

    B.   Seirus entered an agreement with Columbia Sportswear to
        dismiss its invalidity challenges with prejudice, and this
        Court enters a final judgment of dismissal with prejudice ........4

    C.   Seirus announces plans to violate this Court's consent
        judgment on the validity of the Design Patent as to Seirus
        and Columbia Sportswear .........................................................4

LEGAL STANDARDS ...............................................................................5

    A.   Standards for Temporary Restraining Order and Preliminary
        Injunction ...............................................................................5

    B.   Standards for Permanent Injunction..........................................7

ARGUMENT ............................................................................................7

    A.   Columbia Sportswear is correct the merits in showing that
        Seirus is bound by this Court's consent judgment on patent
        validity...................................................................................8

    B.   Columbia Sportswear likely will suffer irreparable harm and
        has no adequate remedy at law if Seirus is permitted to make
        an end-run around the consent judgment ...................................9

    C.   The balance of equities strongly favors plaintiff because
        Seirus voluntarily consented to judgment on the validity of
        the Design Patent...................................................................11

    D.   The public interest is served by the enforcement on consent
        judgments on patent validity because such enforcement
        prevents gamesmanship and recognizes the sanctity of
        judgments .............................................................................12

i

CONCLUSION ........................................................................................................ 12

COLUMBIA'S MEMORANDUM ISO                   CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ...................................................... 6

*Amoco Prod. Co. v. Village of Gambell*,
480 U.S. 531 (1987)....................................................................... 7

*Armament Sys. & Procedures, Inc. v. Double 8 Sporting Goods Co., Inc.*,
57 F. Supp. 2d 681 (E.D. Wis. 1999) ..................................... 2, 12

*ARO Corp. v. Allied Witan Co.*,
531 F.2d 1368 (6th Cir. 1976) ..................................................... 12

*Beard v. Sheet Metal Workers Union, Local 150*,
908 F.2d 474 (9th Cir. 1990) ......................................................... 8

*Bulk Store Structures, Ltd. v. Campcore, Inc.*,
1999 US Dist LEXIS 7920 (N.D.N.Y. 1990)............................... 8

*Canady v. Erbe Elektromedizin GmbH*,
271 F. Supp. 64 (D. D.C. 2002)................................................... 3

*CIG Asset Mgmt. v. Bircoll*,
2014 U.S. LEXIS 113728 (E.D. Mich. 2013) ............................ 11

*Continental Airlines v. Intra Brokers, Inc.*,
24 F.3d 1099 (9th Cir.1994) ......................................................... 7

*Earth Island Inst. v. U.S. Forest Serv.*,
351 F.3d 1291 (9th Cir. 2003) ....................................................... 6

*eBay Inc. v. MercExch., LLC*,
547 U.S. 388 (2006)....................................................................... 7

*In re Etter*,
756 F.2d 852 (Fed. Cir. 1985) ..................................................... 10

*Flex-Foot Inc. v. CRP, Inc.*,
238 F.3d 1362 (Fed. Cir. 2001) .......................................... 1, 2, 12

iii

COLUMBIA'S MEMORANDUM ISO          CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

*Foster v. Hallco Mfg. Co.*,
    947 F.2d 469 (Fed. Cir. 1991) ..................................................................... 1, 2, 8

*Fusion Specialties, Inc. v. China Network Leader, Inc.*,
    2012 U.S. Dist. LEXIS 113712 (D. Colo. 2012) ........................................ 10

*Gathright v. City of Portland*,
    482 F.Supp.2d 1210 (D. Or. 2007) ................................................................. 7

*Gilmore v. Cal.*,
    220 F.3d 987 (9th Cir. 2000) ........................................................................... 8

*Headwaters, Inc. v. United States Forest Serv.*,
    399 F.3d 1047 (9th Cir. 2005) ......................................................................... 4

*Hook v. Arizona Dep't of Corrections*,
    972 F.2d 1012 (9th Cir. 1992) ......................................................................... 1

*Houston Atlas, Inc. v. Del Mar Sci., Inc.*,
    1982 U.S. Dist. LEXIS 10046 (N.D. Tex. 1982) ................................. 2, 9, 11

*Interdynamics, Inc. v. Firma Wolf*,
    653 F.2d 93 (3rd Cir. 1981) ............................................................................ 8

*IP, LLC v. Interstate Vape, Inc.*,
    2014 U.S. Dist. LEXIS 157932 (W.D. Ky. 2014) ...................................... 11

*Joy Mfg. Co. v. Nat'l Mine Serv. Inc.*,
    810 F.2d 1127 (Fed. Cir. 1987) (Newman, C.J., dissenting) ...................... 9

*KeeAction Sports, LLC*,
    2014 U.S. Dist. LEXIS 157283, *8 ................................................................ 6

*Langton v. Hogan*,
    71 F.3d 930 (1st Cir. 1995) ............................................................................. 8

*Republic of the Philippines v. Marcos*,
    62 F.2d 1355 (9th Cir. 1988) ........................................................................... 6

*Samsung Elects. Co., Ltd. v. Apple Inc.*,
    137 S. Ct. 429 (2016) ....................................................................................... 5

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,
    240 F.3d 832 (9th Cir. 2001) ........................................................................... 6

iv

COLUMBIA'S MEMORANDUM ISO      CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Western Systems, Inc. v Ulloa*,
    958 F.2d 864 (9th Cir. 1992) ...................................................................... 7

*Winter v. Natural Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ......................................................................................... 6

**Statutes**

28 U.S.C. § 315(b) ............................................................................................ 3

35 U.S.C. § 302 ................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 54(b) ........................................................................................ 4

Fed. R. Civ. P. 65(a) and (b) ..................................................................... 2, 12

FRCP Rule 54(b) .............................................................................................. 4

v

COLUMBIA'S MEMORANDUM ISO      CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

# INTRODUCTION

This case started nearly three years ago, when Plaintiff Columbia Sportswear North America, Inc. ("Columbia Sportswear") filed this patent-infringement action against Defendant Seirus Innovative Accessories, Inc. ("Seirus") asserting three patents. One of those patents—D657,093—has become known in this case as the "Design Patent."

In its answer, Seirus filed a counterclaim seeking a declaratory judgment of invalidity of the Design Patent. [Dkt. 37.] After asserting no issues about invalidity in discovery, however, Seirus ultimately stipulated to a "Judgment of Validity" on the Design Patent dismissing its invalidity challenges "with prejudice." [Dkt. 79, 81.] The parties then engaged in more than a year of pretrial proceedings, with this Court subsequently ruling that Seirus is infringing the Design Patent. [Dkt. 105.] After a two-week trial, a jury awarded Columbia over $3 million in past profits from Seirus's unlawful infringement of the Design Patent.

Now, Seirus has announced plans to initiate a reexamination proceeding with the U.S. Patent and Trademark Office ("PTO") to challenge the validity of the Design Patent. The sole purpose of Seirus's plans is to avoid the jury's verdict. Seirus, however, cannot simply ignore its prior stipulation and this Court's binding consent judgment on patent validity. [Dkt. 81.]

Federal courts long have recognized the "strong public interest in settlement of patent litigation." *Flex-Foot Inc. v. CRP, Inc.*, 238 F.3d 1362, 1368-69 (Fed. Cir. 2001). A consent judgment on patent validity is a form of settlement agreement that has the additional force of being a final, non-appealable judgment of the court that resolves the disputed claim. *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 477-78 (Fed. Cir. 1991); *see Hook v. Arizona Dep't of Corrections*, 972 F.2d 1012, 1015 (9th Cir. 1992) (consent judgments "are essentially contractual agreements that are given the status of a judicial decree"). As such, a consent judgment on patent validity is both

COLUMBIA'S MEMORANDUM ISO                    CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

contractually binding on the parties and given *res judicata* effect to bar a party from making a new challenge to the same patent in a different proceeding. *See Flex-Foot, Inc.*, 238 F.3d at 1369-70 ("a consent judgment gives rise to *res judicata*"). In holding that a consent judgment bars a party from challenging the validity of a patent, one court explained that "[g]iving *res judicata* effect to this type of consent decree increases the efficiency of patent litigation" and ignoring "a consent decree [on patent validity] constitutes an affront to this court." *Armament Sys. & Procedures, Inc. v. Double 8 Sporting Goods Co., Inc*., 57 F. Supp. 2d 681, 685-86 (E.D. Wis. 1999).

Those precepts preclude Seirus from initiating a reexamination proceeding on the Design Patent. Seirus's recent and repeated threats to file a request for reexamination of the Design Patent at the PTO should be enjoined. As one court explained in enjoining a party from pursuing a reexamination at the PTO after stipulating to a consent judgment on patent validity, "[t]o allow [defendants] to request reexamination of patent claims which they have expressly agreed are valid would render the consent judgment entered by this Court as meaningless." *Houston Atlas, Inc. v. Del Mar Sci., Inc*., 1982 U.S. Dist. LEXIS 10046, *19 (N.D. Tex. 1982). That court—and others—also recognized that allowing a party to breach a consent judgment on patent validity and seek patent reexamination "would work an undue hardship on the owner of the patent" and would be contrary to the strong public interest in promoting settlement of patent disputes. *Id*.; *see also Foster*, 947 F.2d at 477 ("A binding consent judgment encourages patent owners to agree to settlement and to remove its force would have an adverse effect on settlement negotiations."). Those same considerations support the issuance of a temporary restraining order and injunction relief here.

To maintain the *status quo* and to prevent significant and irreparable harm to Columbia Sportswear, this Court should issue a temporary restraining order and preliminary injunction under Fed. R. Civ. P. 65(a) and (b) and, in due course, issue a

2

1   permanent injunction, enjoining Seirus from filing a request for reexamination of the

2   Design Patent at the PTO, and from otherwise initiating any new challenges to the

3   validity of the Design Patent.

4   ## FACTUAL BACKGROUND

5       Having already devoted nearly three years to this case, this Court is well versed

6   in the factual background underlying this patent-infringement action.  For additional

7   background on Seirus's admitted plans to violate this Court's consent judgment on

8   patent validity, Columbia Sportswear provides this brief overview of the history of the

9   consent judgment and the jury's verdict in favor of Columbia Sportswear.

10
11      **A.      Seirus declined to seek a stay of litigation and request reexamination
            of the Design Patent at the PTO.**

12      Columbia Sportswear filed this action against Seirus in January 2015, alleging

13  (among other things) infringement of the Design Patent.  [Dkt. 1.]  In its answer,

14  Seirus asserted a defense and counterclaim challenging the validity of the Design

15  Patent.  [Dkt. 37.]  Columbia Sportswear denied Seirus's defense and counterclaim,

16  answering that the Design Patent was valid.  [Dkt. 38.]

17      Although it could have done so, Seirus did not seek an *inter partes* review of

18  the Design Patent within one year of being served a complaint by Columbia.  *See* 28

19  U.S.C. § 315(b).  And even after that year expired, Seirus could have filed a petition

20  for reexamination of the Design Patent.  *See* 35 U.S.C. § 302.  Seirus chose not to do

21  so.  Seirus also never sought a stay of this patent-infringement action to pursue a

22  challenge to the validity of the Design Patent at the PTO.  *See Canady v. Erbe*

23  *Elektromedizin GmbH,* 271 F. Supp. 64, 78 (D. D.C. 2002) (discussing stays of

24  patent-infringement actions pending the reexamination process at PTO and noting

25  availability of reexamination was intended to "reduce costly and timely litigation"

26  about patent validity in the federal courts).

27
28

3

COLUMBIA'S MEMORANDUM ISO          CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

**B.** **Seirus entered an agreement with Columbia Sportswear to dismiss its invalidity challenges with prejudice, and this Court enters a final judgment of dismissal with prejudice.**

In March 2016—after more than a year of litigation and after many negotiations between the parties—Seirus agreed that it would dismiss its challenges to the validity of the Design Patent with prejudice, and the parties jointly moved this Court to enter a consent judgment on the validity on the Design Patent. [Dkt. 79.] This Court granted the motion and entered judgment under Fed. R. Civ. P. 54(b) dismissing Seirus's challenges to the validity of the Design Patent with prejudice. [Dkt. 81.]

The consent judgment, titled "Judgement of Validity of U.S. Patent D657,093 Pursuant to FRCP Rule 54(b)," states in whole:

> "Pursuant to the joint motion of the parties, and pursuant to FRCP Rule 54(b), IT IS HEREBY ORDERED AND ADJUDGED that U.S. Patent D657,093 has not been proved invalid and that Defendant Seirus Innovation Accessories, Inc.'s ***counterclaim and defense of invalidity associated with that patent are dismissed <u>with prejudice</u>*** and without costs or attorney fees' to either party."

[Dkt. 81 (emphasis added).] As a well-established matter of federal law, the term "with prejudice" means that the judgment was intended to serve as a final judgment on the merits of the validity of Design Patent and to bar any future actions on the same subject matter between the parties. *See*, *e.g.*, *Headwaters, Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action").

**C.** **Seirus announces plans to violate this Court's consent judgment on the validity of the Design Patent as to Seirus and Columbia Sportswear.**

After entry of the consent judgment on the validity of the Design Patent, this Court presided over 18 months of extensive pretrial proceedings. [*See* Dkt. 82 to Dkt. 312.] This case was the first case to address complex issues of damages following the

4

Supreme Court's decision in *Samsung Elects. Co., Ltd. v. Apple Inc.*, 137 S. Ct. 429 (2016). The Court stayed the case for six months to allow necessary briefing on these issues, which the Court resolved. Shortly before the rescheduled jury trial, Seirus moved to transfer venue to the Southern District of California, and this Court granted that motion. [Dkt. 265.] The Court then held a two-week jury trial in San Diego on the patent-infringement claims, including Columbia Sportswear's damages for Seirus's unlawful infringement of the Design Patent. [Dkt. 314.] The jury ultimately returned a verdict finding, among other things, that Columbia Sportswear was entitled to more than $3 million in past-profit damages from Seirus for its unlawful infringement of the Design Patent.

Following the jury's verdict, Seirus repeatedly has announced to Columbia Sportswear that it intends to try to evade the jury's verdict by belatedly requesting reexamination of the Design Patent at the PTO. [Aldrich Decl. at 2.] Seirus apparently is taking the position that it is not contractually bound to honor its agreement on the validity of the Design Patent with Columbia Sportswear. Seirus also apparently is taking the position that it is not bound by this Court's final judgment. Both of those positions are wrong. Although the PTO, or some other party who is not associated with Seirus in any way, may seek reexamination of the Design Patent, Seirus and those acting in concert with Seirus are barred from doing so. Because it would cause serious and irreparable harm to Columbia Sportswear, this Court should issue a temporary restraining order and preliminary injunction, and ultimately a permanent injunction, enjoining Seirus from pursuing reexamination of the Design Patent, and otherwise initiating any challenges to the validity of the Design Patent.

## LEGAL STANDARDS

### A.   Standards for Temporary Restraining Order and Preliminary Injunction

A party seeking a temporary restraining order or preliminary injunction "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer

5

COLUMBIA'S MEMORANDUM ISO          CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (temporary restraining order is subject to the same standard as a preliminary injunction). The moving party has the burden to make "a 'clear showing' of the four required elements." *Kee Action Sports, LLC v. Shyang Huei Indus. Co.*, 2014 U.S. Dist. LEXIS 157283, *7-8 (D. Or. 2014).

Under the "sliding scale" approach used in the Ninth Circuit, the elements of the "injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Thus, a preliminary injunction is proper if the moving party makes a showing that there are "serious questions going to the merits and a balance of hardships that tip[] sharply" towards the moving party, so long as the party "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (internal quotation marks and citation omitted).

For the purposes of injunctive relief, irreparable injury must be likely and not merely speculative. *KeeAction Sports, LLC*, 2014 U.S. Dist. LEXIS 157283, *8; *see also*, *e.g.*, *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1311 (9th Cir. 2003) ("The law does not require the identified injury to be certain to occur, but it is not enough to identify a purported injury which is only theoretical or speculative."). Similarly, "serious questions going to the merits" need not "promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." *Republic of the Philippines v. Marcos*, 62 F.2d 1355, 1362 (9th Cir. 1988) (internal quotation and citation omitted). Instead, it is enough to show "questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to maintain the status quo lest one side prevent resolution of the questions … by altering the status quo." *Id.*

COLUMBIA'S MEMORANDUM ISO          CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

### B.     Standards for Permanent Injunction

The standards for a permanent injunction are essentially the same as those for a temporary restraining order and preliminary injunction, except that the moving party must show actual success on the merits.  *See eBay Inc. v. MercExch., LLC*, 547 U.S. 388, 391 (2006) (stating same); *see also Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").  Once actual success on the merits is established, "a party is entitled to relief as a matter of law irrespective of the amount of irreparable injury which may be shown."  *Western Systems, Inc. v Ulloa*, 958 F.2d 864, 872 (9th Cir. 1992).

In addition to actual success on the merits, a party seeking a permanent injunction also must "show that there is no adequate remedy at law."  *Gathright v. City of Portland*, 482 F.Supp.2d 1210, 1214 (D. Or. 2007).  "If there is the possibility of future wrongful conduct, a legal remedy is inadequate."  *Id.* at 1214.  Although irreparable injury is not an independent requirement for a permanent injunction, "it is … one basis for showing the inadequacy of the legal remedy."  *Continental Airlines v. Intra Brokers, Inc*., 24 F.3d 1099, 1102 (9th Cir.1994).

### ARGUMENT

All of the factors for the requested relief are clearly shown here:  (1) Columbia Sportswear is correct on the merits that Seirus is barred from filing any new challenge to the validity of the Design Patent; (2) Columbia Sportswear is likely to suffer irreparable harm and no adequate remedy at law if Seirus is not enjoined from filing a request for patent reexamination at the PTO; (3) the equities strongly favor Columbia Sportswear, with no harm to Seirus in being ordered to comply with its contractual agreement and the Court's consent judgment, particularly after both this Court and Columbia Sportswear relied on the judgment in investing substantial time and effort in

7

this litigation including a two-week jury trial; and (4) the public interest also strongly favors enjoining Seirus from violating this Court's consent judgment and requiring Seirus to honor its settlement agreement. This Court should order the requested relief and immediately enjoin Seirus from requesting reexamination of the Design Patent at the PTO, and from otherwise initiating any new challenges to the validity of the Design Patent.

### A. Columbia Sportswear is correct the merits in showing that Seirus is bound by this Court's consent judgment on patent validity.

It is well established that a consent judgment on patent validity is a binding settlement agreement and is given *res judicata* effect as to the parties to the judgment. A consent judgment is both a contract and a final judgment. *Gilmore v. Cal.*, 220 F.3d 987, 1000 (9th Cir. 2000). As one federal court described in a patent case, a consent judgment "is a contract in which the parties deal away their right to litigate over the subject matter" in addition to being a judgment of the court. *Bulk Store Structures, Ltd. v. Campcore, Inc.*, 1999 US Dist LEXIS 7920 (N.D.N.Y. 1990). As a final judgment, a consent judgment on patent validity bars a party from raising "challenges to validity … when under normal principles of *res judicata* applicable to a consent judgment, such challenge would be precluded." *Foster*, 947 F.2d at 477; *see also Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995) (a "judgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party").

Those rules apply here. Seirus voluntarily entered an agreement with Columbia to dismiss its validity challenges "with prejudice" and to allow entry of a "Judgment of Validity" as to the Design Patent. In agreeing to dismiss its challenges with prejudice, Seirus agreed to a final judgment on merits deciding the validity of the Design Patent as to the parties. *See*, *e.g.*, *Interdynamics, Inc. v. Firma Wolf*, 653 F.2d 93, 97 (3rd Cir. 1981) ("[i]n patent cases … consent decrees entered in settlement of an infringement action are entitled to *res judicata* effect"); *Beard v. Sheet Metal*

8

*Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) ("Federal law dictates that a dismissal with prejudice bars a later suit under *res judicata*.").  Seirus may not seek a "do over" and now try to challenge the validity of the Design Patent by requesting reexamination at the PTO at this late date.

Because a consent judgment is subject to *res judicata* and bars a party from challenging the validity of a patent in any other proceedings, other courts have recognized that injunctive relief is proper in these circumstances to enjoin an infringer from seeking reexamination of a patent at the PTO.  *See*, *e.g.*, *Houston Atlas, Inc*., 1982 U.S. LEXIS 10046, *18-19 (ordering injunctive relief to prohibit a party from pursuing patent reexamination at PTO after the party agreed to a consent judgment on validity of patent and finding the party in contempt of the consent judgment by seeking reexamination request); *see also*, *e.g.*, *Joy Mfg. Co. v. Nat'l Mine Serv. Inc.*, 810 F.2d 1127 (Fed. Cir. 1987) (Newman, C.J., dissenting) (even though dismissal was "without prejudice" as to validity challenges, "[i]t is cynical to enable the accused infringer to reopen hostility in another forum [by requesting reexamination at the PTO] without any inquiry into whether [the plaintiff] and the court were gulled into an erroneous belief that the entire matter in litigation was settled").  Columbia Sportswear is correct on the merits that Seirus is barred from initiating a reexamination of the D-093 Patent at the PTO after agreeing to entry of a consent judgment on the validity of the Design Patent in this Court.

**B.    Columbia Sportswear likely will suffer irreparable harm and has no adequate remedy at law if Seirus is permitted to make an end-run around the consent judgment.**

It is beyond reasonable dispute that Columbia Sportswear is likely to suffer serious and irreparable injury, and would have no adequate remedy at law, if Seirus is not required to honor the consent judgment on the validity of the Design Patent.  Seirus's sole purpose in seeking reexamination of the Design Patent is to attempt to avoid the jury's verdict on infringement damages in favor of Columbia Sportswear.  If

9

Seirus is permitted to request patent reexamination at the PTO, any decision to allow the request would not be subject to judicial review.  *See In re Etter*, 756 F.2d 852, 225 (Fed. Cir. 1985).  The reexamination process would have the potential to have "a dispositive effect on a patent infringement claim" and potentially cause Columbia's patent-infringement claim to become moot.  *Fusion Specialties, Inc. v. China Network Leader, Inc*., 2012 U.S. Dist. LEXIS 113712, *6 (D. Colo. 2012).  Indeed, that is Seirus's very hope.

Seirus may argue that other parties not associated with or acting in concert with Seirus, or even the PTO *sua sponte,* may seek reexamination of the Design Patent and, thus, patent reexamination is possible even if Seirus is barred from requesting one. That is true as far as it goes; however, it does not change the fact that Seirus may not pursue reexamination after agreeing to a consent judgment on patent validity. Normally, a stay of the court proceedings is sought to prevent the parties "from needlessly wasting their resources in litigating issues" about patent infringement if a reexamination proceeding has been requested.  *Fusion Specialties, Inc*., 2012 U.S. Dist. LEXIS 113712, *6.  In this case, however, Seirus elected not to pursue *inter partes* review or reexamination at the PTO after Columbia Sportswear disputed its claim of patent invalidity.  Instead, Seirus expressly agreed to entry of a consent judgment dismissing its validity challenges "with prejudice" and proceeded with the litigation up to a jury verdict on infringement damages.  If Seirus is not enjoined, Columbia Sportswear would have no adequate remedy at law to force Seirus to comply with its agreement and this Court's consent judgment, potentially exposing Columbia Sportswear to years of uncertainty with a reexamination proceeding and potentially jeopardizing its right to recover the jury's award of damages for Seirus's unlawful infringement.

Finally, allowing Seirus to collaterally attack this Court's consent judgment and forcing Columbia Sportswear to again defend the validity of the Design Patent at this

10

late date—particularly with the risk of serious harm—would place an undue burden on Columbia Sportswear.  *See Houston Atlas, Inc.*, 1982 U.S. Dist. LEXIS 10046, *19 (allowing a party to breach a consent judgment on patent validity and seek patent reexamination "would work an undue hardship on the owner of the patent"); *cf.*, *e.g.*, *CIG Asset Mgmt. v. Bircoll*, 2014 U.S. LEXIS 113728, *8 (E.D. Mich. 2013) (granting permanent injunction to enjoin arbitration because plaintiff would suffer irreparable harm in having "to expend resources and incur costs for a proceeding in which it did not agree").  If Seirus is not enjoined, Columbia Sportswear has a serious risk of irreparable harm and no adequate remedy at law because it will have no other avenue to challenge Seirus's request for reexamination.

### C.    The balance of equities strongly favors plaintiff because Seirus voluntarily consented to judgment on the validity of the Design Patent.

The balance of equities also strongly favors Columbia Sportswear.  Seirus can hardly complain that it will be harmed by being forced to honor its agreement with Columbia Sportswear on the validity of the Design Patent and to refrain from ignoring this Court's consent judgment.  *See IP, LLC v. Interstate Vape, Inc.*, 2014 U.S. Dist. LEXIS 157932, *21 (W.D. Ky. 2014) (a party "cannot claim it will be harmed by the Court ordering it to comply with … [a settlement agreement] to which it contractually agreed").  In sharp contrast, Columbia Sportswear has a strong likelihood of serious and irreparable injury if Seirus is not enjoined from pursuing reexamination of the Design Patent after years of litigation in this Court.

Columbia Sportswear—and this Court—relied on Seirus's representation that it agreed to the validity of the Design Patent, devoting substantial time and resources to this case.  As the Federal Circuit has noted, the sharp practice in seeking to pursue patent reexamination to avoid a jury's verdict "is exactly the type of behavior that [courts] were concerned with when they noted the strong public interest in enforcing settlements" on patent invalidity by giving *res judicata* effect to such consent

COLUMBIA'S MEMORANDUM ISO                    CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

judgments.  *Flex-Foot, Inc.*, 238 F.3d at 1370.  This factor strongly supports Columbia Sportswear's requested relief.

>        **D.**    **The public interest is served by the enforcement on consent judgments on patent validity because such enforcement prevents gamesmanship and recognizes the sanctity of judgments.**

Finally, the public interest is served by enforcing this Court's consent judgment. Federal courts uniformly have recognized the public interest in enforcing settlement agreements in patent disputes.  *See*, *e.g.*, *ARO Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976) ("Settlement is of particular value in patent litigation, the nature of which is often inordinately complex and time consuming").  As one federal court explained, "*res judicata* effect to this type of consent decree [on patent validity] increases the efficiency of patent litigation by encouraging parties to press their case when a patent's validity is legitimately in question, and encouraging parties to settle when it is not."  *Armament Sys. & Procedures, Inc.*, 57 F. Supp. 2d at 685.  Enforcing a consent judgment on patent validity is essential if such agreements are to be used to streamline patent litigation because, if parties cannot rely on enforcement, there is no point to them.  *See Flex-Foot, Inc.*, 238 F.3d at 1370 ("Settlement agreements must be enforced if they are to remain effective as a means for resolving legal disputes.").  No public interests are served by allowing Seirus to disregard its agreement and this Court's consent judgment.

## CONCLUSION

To prevent significant and irreparable harm to Columbia Sportswear, this Court should issue a temporary restraining order and preliminary injunction under Fed. R. Civ. P. 65(a) and (b) and then issue a permanent injunction after a full hearing, to immediately enjoin Seirus from filing a request for reexamination of the Design Patent at the PTO, and from otherwise initiating any new challenges to the validity of the Design Patent.

COLUMBIA'S MEMORANDUM ISO                    CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

1

2

3   Dated: November 16, 2017

4                                         SCHWABE, WILLIAMSON & WYATT, P.C.

5

6                              By:    */s/ David W. Axelrod*
7                                     David R. Boyajian
                                      E-mail:  dboyajian@schwabe.com
8                                     David W. Axelrod, *pro hac vice*
                                      E-mail:  daxelrod@schwabe.com
9                                     Brenna K. Legaard, *pro hac vice*
                                      E-mail:  blegaard@schwabe.com
10                                    Nicholas F. Aldrich, Jr., *pro hac vice*
                                      E-mail:  naldrich@schwabe.com
11

12

13                                          *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLUMBIA'S MEMORANDUM ISO                  CASE NO.: 3:17-CV-01781-HZ
MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on November 16, 2017, I served the foregoing document on

3 the following counsel of record for Defendant Seirus Innovative Accessories, Inc.:

| By electronic service via the Court's CM/ECF System | Renée E. Rothauge<br>ReneeRothauge@markowitzherbold.com<br>**Markowitz Herbold PC**<br>Suite 3000, Pacwest Center<br>1211 SW Fifth Avenue<br>Portland, OR 97204-3730 |
|---|---|
| | Christopher S. Marchese<br>marchese@fr.com<br>Garrett K. Sakimae<br>sakimae@fr.com<br>Michael A. Amon<br>amon@fr.com<br>Seth M. Sproul<br>sproul@fr.com<br>Tucker N. Terhufen<br>terhufen@fr.com<br>**Fish & Richardson PC**<br>12390 El Camino Real<br>San Diego, CA 92130 |

18

19 by delivering to them a true and correct copy thereof, certified by me as such.

20

21      /s/ *David W. Axelrod*

22      David W. Axelrod
       Email: daxelrod@schwabe.com

23

24

25

26

27

28

CERTIFICATE OF SERVICE                    CASE NO.: 3:17-CV-01781