IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>    Defendant. | No. 3:17-cv-01781-HZ<br><br>OPINION & ORDER |

David R. Boyajian
David W. Axelrod
Brenna K. Legaard
Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, Oregon 97204

    Attorneys for Plaintiff

//

1- OPINION & ORDER

Christopher S. Marchese
Seth M. Sproul
Michael A. Amon
Garrett K. Sakimae
Tucker N. Terhufen
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130

Renée Rothauge
Markowitz Herbold P.C.
1211 SW Fifth Ave., Suite 3000
Portland, Oregon 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Before the Court is Columbia Sportswear North America, Inc.'s ("Columbia") Motion for a Temporary Restraining Order ("TRO"). Columbia seeks a TRO enjoining Seirus Innovative Accessories, Inc. ("Seirus"), from initiating patent reexamination proceedings with the United States Patent and Trademark Office ("PTO") challenging the validity of Columbia's Design Patent, D657,093 ("Design Patent"). Because Columbia's motion has satisfied the four traditional factors warranting a TRO, the motion is GRANTED.

## BACKGROUND

    Columbia's Design Patent has been at issue in this case for nearly three years. Seirus initially sought declaratory judgment of invalidity on the Design Patent. The parties ultimately filed a joint motion for judgment that the Design Patent was valid, dismissing Seirus's invalidity challenges with prejudice. *See* Joint Mot. for J. Re Design Patent, ECF 79; J. of Validity of Design Patent Pursuant to FRCP 54(b), ECF 81. The Court granted summary judgment that Seirus's Heatwave products infringed the Design Patent. *See* Op. & Order, Aug. 10, 2016, ECF

105. After a two-week trial, a jury unanimously determined that Seirus was liable to Columbia for $3,018,175 in profits from its infringement of the Design Patent. *See* Jury Verdict Form, ECF 377. Now, Columbia has filed its TRO, claiming that Seirus plans to initiate a reexamination proceeding with the PTO to challenge the validity of the Design Patent. *See* Pl.'s Mem. in Support of TRO, ECF 393; Aldrich Decl. Exs. A & B, ECF 395.

## STANDARD

The standard for a TRO is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co, v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Am. Trucking Ass'ns Inc. v. City of L. A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)). Additionally, under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney, only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Finally, a TRO may issue only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been

3- OPINION & ORDER

wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, while the rule's language indicates that security is mandatory, the Ninth Circuit has held that "Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (internal quotation marks omitted). The court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (internal quotation marks omitted).

## DISCUSSION

Columbia moves for a TRO on the ground that Seirus's plan to initiate reexamination proceedings with the PTO is designed solely to avoid the jury's verdict in this case. Columbia claims that Seirus is bound by its prior stipulation and the Court's binding judgment of validity. The following rulings are made for TRO purposes only. As a preliminary matter, the Court finds that Columbia has met the requirements of Rule 65(b).

First, Columbia has demonstrated that it is likely to succeed on the merits. The parties' consent judgment on the Design Patent's validity is binding and likely precludes Seirus from initiating proceedings with the PTO. *See Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1369 (Fed. Cir. 2001) (recognizing that the parties' stipulation of validity gave rise to *res judicata*, barring subsequent challenges to patent validity).

Second, as to the likelihood of suffering irreparable harm, allowing Seirus to collaterally attack the Design Patent at this very late juncture in litigation would undoubtedly cause Columbia undue hardship. A reexamination of the Design Patent could potentially result in its invalidation, which would moot Columbia's fully-litigated infringement claims. *See Fusion Specialties, Inc. v. China Network Leader, Inc.*, No. 12-cv-00009-CMA-KMT, 2012 WL 3289077, *6 (D. Colo. Aug. 11, 2012) (recognizing that it was highly likely that reexamination

of the patent at issue would leave the plaintiff "without a valid infringement claim or a significantly modified one").

Third, the balance of hardships weighs in Columbia's favor. Seirus will not be harmed by complying with its own stipulation of validity to which the Court has already ruled. Columbia, by contrast, faces the burden of litigating the validity of the Design Patent and likely delay in collecting the jury's award from this case.

Lastly, the Court finds that the public's interest in this matter lies with Columbia. The public interest is served by enforcing the parties' stipulation and protecting the validity of the Court's judgment. It is well established that the public's interest is served by enforcing settlement agreements. *See Flex-Foot*, 283 F.3d at 1369 (recognizing that the public's interest in upholding settlement of litigation is "more strongly favored by law" than the public policy favoring challenges to validity).

On balance, a weighing of the factors discussed above warrants the issuance of a TRO.

## CONCLUSION

Columbia's Motion for a TRO [393] is GRANTED. Additionally, the Court dispenses with the filing of a bond, finding that the issuance of a TRO will not harm Seirus. The Court will schedule a hearing with the parties regarding the issuance of a preliminary injunction.

Dated this 16 day of November, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER