Christopher S. Marchese (SBN 170239), marchese@fr.com
Seth M. Sproul (SBN 217711), sproul@fr.com
Michael A. Amon (SBN 226221), amon@fr.com
Garrett K. Sakimae (SBN 288453), sakimae@fr.com
Tucker N. Terhufen (SBN 311038), terhufen@fr.com
Oliver J. Richards (SBN 310972), orichards@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099

Renée Rothauge, (SBN 271239), reneerothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Tel: (503) 295-3085, Fax: (503) 323-9105

Attorneys for Defendant, Seirus Innovative Accessories, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation<br><br>Defendants. | Case No. 3:17-cv-01781<br><br>**SEIRUS' NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR A NEW TRIAL**<br><br>Request for Oral Argument<br><br>Judge:    Marco A. Hernandez<br><br>Date Action Filed: January 12, 2015<br>Trial Date: September 18, 2017 |

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the Parties' scheduling stipulation dated December 18, 2017 [Dkt. No. 418] and the Court's Order dated December 19, 2017 [Dkt. No. 419] approving that stipulation, Defendant Seirus Innovative Accessories, Inc. submits the following motions pursuant to Rules 50(b) and 59.

Seirus moves pursuant to Federal Rule of Civil Procedure Rule 50(b) to renew its motion for judgment as a matter of law that the "article of manufacture" for purposes of § 289 damages is the heatwave fabric[1], and not the entire product. Based on the record evidence, the only reasonable conclusion the jury could have reached is that the HeatWave fabric, which is a thing made by man and machine, is the appropriate article of manufacture. The design patent claims the wavy design applied to a *heat-reflective material* and disclaims other potential articles by showing all but the heat-reflective material in broken lines and stating that, "the broken lines in the drawings depict environmental subject matter only and *form no part of the claimed design*." [Trial Ex. 1 at 1 (emphasis added).] The inventor Zach Snyder testified that the article of manufacture is something less than the fabric when he said that his design covered only the foil. [Trial Tr. at 418:2 – 419:2.] Applying the correct legal standard (i.e., the DOJ's four-factor test), no reasonable jury could conclude that the complex insulated gloves with waterproof outer shells are the proper article of manufacture. Likewise, applying the correct legal standard, no reasonable jury could conclude that the liners, socks, and hats are the appropriate article of manufacture. Seirus respectfully requests that the Court find, as a matter of law, that the HeatWave fabric is the appropriate article of manufacture, and reduce Columbia's award of damages to

---

[1] Seirus moved pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law that the HeatWave fabric is the appropriate article of manufacture during the trial. [*See* Trial Tr. at 2196:5-11.]

1
SEIRUS' NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW
AND MOTION FOR A NEW TRIAL
Case No. Case No. 3:17-cv-01781

conform to Ms. Distler's testimony at trial regarding the appropriate damages for the HeatWave fabric (i.e., $500,817).  [Trial Tr. at 1780:18-23.]

Seirus moves under Rule 59 of the Federal Rules of Civil Procedure for a new trial on the following grounds: (1) the article of manufacture is the HeatWave Fabric, and thus the awarded damages are excessive; (2) the Court's jury instruction erroneously shifted the burden to Seirus to prove the relevant article of manufacture; (3) the article of manufacture jury instruction did not properly embody the correct legal test for determining the appropriate article of manufacture under 35 U.S.C. § 289; and (4) the jury verdict form omitted identification of the article of manufacture.

First, Seirus will set forth in its forthcoming memorandum in support of its motion for judgment as a matter of law that the jury erred in awarding damages on the entire products because the appropriate article of manufacture is the HeatWave fabric. The damages verdict concerning the design patent is against the great weight of evidence.  As a result, the damages awarded were grossly excessive, and the Court should either grant Seirus' motion for judgment as a matter of law and reduce Columbia's damages award, or should grant a new trial to prevent a miscarriage of justice and to determine the appropriate amount of damages attributable to the HeatWave fabric.

Second, Seirus argued repeatedly in its briefing and in its proposed jury instruction that it was legally inappropriate for the Court to shift the burden onto Seirus to prove the relevant article of manufacture. [*See* Dkt. No. 151 at 15-18; 223 at 35; 228 at 31.]  On September 11, 2017, at the pre-trial conference, the Court adopted the DOJ test and placed the burden of proof on Seirus to establish that the article of manufacture is something less than the entire product. [Pre-Trial Conference Tr. at 84.]  Seirus argued against that burden shift, and ultimately maintained its objection. [*Id.* at 84-86.]  Seirus' forthcoming memorandum in support of this motion will set forth that the plaintiff always bears the burden on damages, that similar areas of patent law illustrate that this burden shift was improper, and that there was no

legislative intent to shift the burden.  *See e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, __F.3d__, 2017 WL 6044237 (Fed. Cir. Dec. 7, 2017).  As a result, the Court must grant Seirus a new trial on the issue of design patent damages to cure this legal error.

Third, Seirus is entitled to a new trial because the Court's jury instruction related to the article of manufacture did not properly embody the DOJ test.  Seirus objected at trial to the jury instruction.  [Trial Tr. at 2210:19-23.]  Seirus will set forth in its forthcoming memorandum in support of this motion that the instruction given improperly asked the jury to first determine whether the products are single or multi-component products, and then to only apply the DOJ four-factor test if the products are multi-component.  Seirus maintains that the correct approach is to ask the jury to apply the four factors to determine the appropriate article of manufacture where the article is reasonably disputed.  The given instruction allows the jury to impermissibly presume the entire product is the article of manufacture.  The Court should order a new trial to fix this improper application of the DOJ test.

Finally, Seirus is entitled to a new trial because the verdict form omitted identification of the article of manufacture.  This omission allowed the jury to skip the step of identifying the article of manufacture, which they were required to do by the jury instruction, and simply award a disgorgement number without underlying justification.  It also created an ambiguity as to whether the jury needed to determine the article of manufacture to find damages for the design patent.  This omission was amplified by the fact that Columbia was allowed to inform the jury multiple times during the trial that Seirus infringed the design patent and that the patent was not invalid.  Indeed, over Seirus' objection, Columbia was allowed to show the partial judgment to the jury that—when coupled with the lack of a box to check on the verdict form for the article of manufacture—created a misimpression in the jury's mind that it need not make findings concerning the article of manufacture, which is legally wrong.

These motions will be based on this Notice of Motion and the forthcoming filings of Seirus including the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SEIRUS' MOTION FOR JUDGMENT AS A MATER OF LAW THAT THE ARTICLE OF MANUFACTURE IS THE HEATWAVE FABRIC AND MOTION FOR A NEW TRIAL ON DAMAGES; DECLARATION IN SUPPORT OF SEIRUS' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE ARTICLE OF MANUFACTURE IS THE HEATWAVE FABRIC AND MOTION FOR A NEW TRIAL ON DAMAGES, including the exhibits attached thereto; any subsequently filed briefs; the pleadings and papers filed in this action; the evidence adduced at trial, including testimony and admitted exhibits, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

Dated:  December 20, 2017

FISH & RICHARDSON P.C.

By:  */s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com

Attorneys for Defendant, Seirus Innovative Accessories, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 20, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com