IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

COLUMBIA SPORTSWEAR NORTH  No. 3:17-cv-01781-HZ
AMERICA, INC., an Oregon Corporation,  OPINION & ORDER

        Plaintiff,

    v.

SEIRUS INNOVATIVE ACCESSORIES,
INC., a Utah corporation,

        Defendant.

//

//

1 – OPINION & ORDER

David R. Boyajian
David W. Axelrod
Brenna K. Legaard
Nicholas F. Aldrich, Jr
Schwabe, Williamson & Wyatt, P.C.

    Attorneys for Plaintiff

Christopher S. Marchese
Seth M. Sproul
Michael A. Amon
Garrett K. Sakimae
Tucker N. Terhufen
Oliver J. Richards
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Before the Court is the issue of whether Columbia Sportswear North America, Inc. ("Columbia") or Seirus Innovative Accessories, Inc. ("Seirus") is the "prevailing party" in this case entitled to costs. The parties have submitted competing bills of costs [396, 409] and supporting memoranda on the prevailing party issue [408-1, 409-7, 425]. After considering the record in this case, the relevant law, and the parties' arguments, the Court concludes that Columbia is the "prevailing party" entitled to costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## STANDARDS

Pursuant to Rule 54(d) of the Federal Rules of Civil procedure, costs "[s]hould be allowed to the prevailing party." The Supreme Court has explained that Rule 54(d) "gives district courts discretion to award costs to prevailing [parties] '[u]nless a federal statute . . . provides

otherwise.'" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 373 (2013) (quoting Fed. R. Civ. P. 54(d)(1)). The "definition of prevailing party in the context of patent litigation" is governed by Federal Circuit precedent as opposed to regional circuit law. *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). A plaintiff "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 1182 (quotation and citation omitted). "[E]ven an award of nominal damages" is "sufficient to allow prevailing party status." *Former Employees of Motorola Ceramic Prod. v. United States*, 336 F.3d 1360, 1368 (Fed. Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)); *Shum v. Intel Corp.*, 629 F.3d 1360, 1367–68 (Fed. Cir. 2010) ("To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits."). "A party is not required, however, to prevail on all claims in order to qualify as a prevailing party under Rule 54." *Shum*, 629 F.3d at 1367–68. The Federal Circuit has found that, "by definition" there can be "only one prevailing party." *Motorola*, 336 F.3d at 1363.

## DISCUSSION

Each party contends that it is the prevailing party. Columbia argues that it is the prevailing party because the jury awarded it $3,018,174 based on Seirus's total profit from the sale of products infringing U.S. Patent No. D657,093 ("Design Patent"). Seirus, by contrast, argues that it is the prevailing party because it prevailed on its counterclaims invalidating Columbia's U.S. Patent No. 8,453,270 ("Utility Patent") and because it prevailed on the issue of willful infringement as to the Design Patent. Alternatively, Seirus argues that this case produced a mixed-judgment by which the Court could order that the parties each bear their own costs.

First, as to Seirus's argument regarding mixed-judgment cases, the Court finds that ordering the parties to bear their own costs is inconsistent with Federal Circuit precedent. In the Ninth Circuit, district courts have discretion to order the parties to bear their own costs in the event of a mixed-judgment. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). As noted above, the determination of who is the prevailing party is governed by Federal Circuit precedent. In *Shum*, the Federal Circuit expressly rejected the district court's decision to order the parties to bear the own costs. 629 F.3d at 1363–64. The *Shum* court, however, upheld the award based on the trial court's alternative finding that the defendant was the prevailing party. *Id.* After considering the language of Rule 54, the Federal circuit concluded that: "even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a prevailing party.' For the purposes of costs and fees, there can only be one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award." *Id.* at 1368. Therefore, the Court declines Seirus's invitation to order the parties to bear their own costs.

Next, the Court must compare the parties' "respective successes" to determine which party prevailed. *Id.* Seirus prevailed on its counterclaims, invalidating claims 2 and 23 of Utility Patent. *See* Jury Verdict Form 2; Judgment ¶¶ 3–6. "[A]s a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'" *Manildra*, 76 F.3d at 1183. In *Manildra*, the Federal Circuit elaborated:

> A patentee receives the right to exclude all others from making, using, or selling the patented invention. In essence, a patent inhibits those who would compete with its owner by warning them not to practice the invention. A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties. The patentee no longer can enforce his patent against the would-be infringer litigant, or any other would-be infringer. The freedom to practice an invention without fear of suit by the

> patentee is a valuable commercial benefit. By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit.

*Id.* (internal citations omitted). In that case, the plaintiff "achieved complete victory" by having the defendant's patents declared invalid and defeating its $17 million counterclaim. *Id.* at 1185. In this case, as a result of the judgment of invalidity, Seirus has eliminated Columbia's competitive advantage in the Utility Patent and Seirus is free to practice the invention covered by the Utility Patent. Additionally, Columbia voluntarily dismissed its infringement claims against Seirus under U.S. Patent No. 8,424,119 ("'119 Patent"), which substantially overlapped with the Utility Patent. *See* Pl.'s Am. Notice Removing '119 Patent, ECF 306. Columbia unconditionally covenanted not to sue Seirus for infringement of the '119 patent. *Id.* at 2.

Turning to Columbia's respective successes, it was granted summary judgment that Seirus's HeatWave products bearing the wave design infringed the Design Patent. *See* Op. & Order, Aug. 10, 2016, ECF 105. The jury awarded Columbia approximately $3 million, the value of Seirus's total profit from the sale of products bearing the infringing design. Jury Verdict 2. "[A] party that obtains an injunction, declaration of patent invalidity, or *judgment of infringement* gains 'significant latitude' and frequently a 'competitive edge' vis-à-vis the opposing party." *Shum*, 629 F.3d at 1370 (emphasis added) (citing *Manildra*, 76 F.3d at 1183).

The Federal Circuit has recognized that "[t]he rub, of course, is choosing the 'prevailing party' in a mixed judgment case like this one." *Id.* at 1367. Both parties have obtained forms of relief that the Federal Circuit has held are sufficient to warrant prevailing party status. Seirus relies on *Manildra* to support its position that by obtaining a judgment of invalidity, it is the prevailing party. This case is distinguishable from *Manildra*, because the plaintiff in that case avoided a counterclaim of infringement in addition to obtaining judgment of invalidity on the

defendant's patents. 76 F.3d at 1185. Here, by contrast, while Seirus succeeded in invalidating the Utility Patent and dismissing Columbia's claims under the '119 Patent; Columbia nevertheless prevailed on infringement of the Design Patent and obtained a $3 million judgment as a result. Even though Seirus eliminated Columbia's competitive advantage in the Utility Patent, Columbia is not required to prevail on all of its claims in order to be the prevailing party. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347–48 (Fed. Cir. 2006) ("The fact that a party does not prevail on all of its claims does not, however, preclude it from being the prevailing party for purposes of awarding costs under Rule 54(d)."). Both the Supreme Court and Federal Circuit have recognized that a "judgment for damages in any amount modifies the defendant's behavior to the plaintiff's benefit" and that "a plaintiff who wins nominal damages is a prevailing party." *Manildra*, 76 F.3d at 1182 (citing *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992)). In other words, Columbia "prevailed" by obtaining "actual relief on the merits" via its $3 million judgment of infringement against Seirus, thereby modifying the parties' legal relationship to Columbia's benefit. Because of this judgment, the Court concludes that Columbia is the prevailing party for cost purposes.

## CONCLUSION

The Court finds that Columbia is the "prevailing party" for awarding costs purposes. The Clerk of the Court is hereby ordered to review the parties' cost bills in accordance with this Opinion & Order.

Dated this 17 day of April, 2018.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge