IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


COLUMBIA SPORTSWEAR NORTH      No. 3:17-cv-01781-HZ

AMERICA, INC., an Oregon Corporation,     OPINION & ORDER

       Plaintiff,

   v.

SEIRUS INNOVATIVE ACCESSORIES,

INC., a Utah corporation,

       Defendant.

//

//

1 – OPINION & ORDER

David R. Boyajian
David W. Axelrod
Brenna K. Legaard
Nicholas F. Aldrich, Jr
Schwabe, Williamson & Wyatt, P.C.

  Attorneys for Plaintiff

Christopher S. Marchese
Seth M. Sproul
Michael A. Amon
Garrett K. Sakimae
Tucker N. Terhufen
Oliver J. Richards
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

  Before the Court is Columbia Sportswear North America, Inc.'s ("Columbia") Motion for Prejudgment Interest and an Accounting for Supplemental Profits [396]. The Motion is GRANTED in part. The Court authorizes the award of prejudgment interest at the California statutory rate of seven percent. Additionally, Columbia seeks supplemental profits on Seirus Innovative Accessories, Inc.'s ("Seirus") infringing sales after February 28, 2017. Seirus has provided Columbia with an accounting of supplemental profits, rendering Columbia's motion on that issue moot.

## DISCUSSION

  The parties dispute whether Columbia is entitled to prejudgment interest under 35 U.S.C. § 289, and if so, which rate should apply.  Columbia maintains that it is entitled to prejudgment interest in order to adequately compensate it for Seirus's infringement of United States Patent

No. D657,093 ("Design Patent"). Columbia further argues that the Court should award prejudgment interest according to California's statutory rate of seven percent, or, at the very least, the prime rate. Seirus, by contrast, contends that the jury's award of approximately $3 million more than adequately compensated Columbia; however, if Columbia is entitled to prejudgment interest, then it should be awarded at the Treasury Bill ("T-Bill") rate that varied from 0.13% to 0.60% between 2013 and 2016.[1]

Prejudgment interest is generally awarded where a patent has been infringed and it is within the trial court's discretion whether to award prejudgment interest. *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009). Under the Patent Act, there are two alternative forms of damages that a plaintiff may be entitled to for design patent infringement. Under 35 U.S.C. § 284, a patent owner may recover "damages adequate to compensate for the infringement . . . together with interest and costs as fixed by the court." Under 35 U.S.C. § 289, a patent owner may recover an infringer's "total profit" made from the infringement.

In this case, the jury awarded Columbia $3,018,174 under § 289, the "total profit" from Seirus's infringement of the Design Patent. *See* Jury Verdict Form, ECF 377; Judgment, ECF 403. According to Seirus, prejudgment interest is unavailable to Columbia because it can only be recovered under § 284. Seirus's position is without legal support and at odds with cases that have applied prejudgment interest to patent infringement awards for total profit under 35 U.S.C. § 289. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1292 (Fed. Cir. 2002) (affirming an award of the infringer's profits for design patent infringement plus prejudgment interest); *Junker v. HDC Corp.*, No. C-07-05094 JCS, 2008 WL 3385819, at *6 (N.D. Cal. July 28, 2008); (collecting cases and recognizing that "[c]ourts routinely award prejudgment interest

---

[1] *See* 28 U.S.C. § 1961(a) (fixing the rate of prejudgment interest to the T-Bill rate); U.S. Dept. of Treasury, Daily Treasury Long Term Rate Data (March 26, 2018), https://goo.gl/UrsgiX.

3 – OPINION & ORDER

in design patent infringement actions"); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, No. CIV. MJG-06-2662, 2011 WL 4596043, at *10 (D. Md. Sept. 30, 2011), *aff'd*, 499 F. App'x 971 (Fed. Cir. 2013) (exercising its discretion to award prejudgment interest under § 289). Accordingly, the Court finds that an award or prejudgment interest in this case is appropriate.

The remaining question is which rate the Court should apply to Columbia's prejudgment interest award. In patent infringement cases, district courts in California have calculated prejudgment interest using California's statutory interest rate of seven percent[2], the prime rate, or the T-Bill rate. *KFx Med. Corp. v. Arthrex Inc.*, No. 11cv1698 DMS (BLM), 2014 U.S. Dist. LEXIS 191176, at *3 (S.D. Cal. Feb. 18, 2014) (recognizing that "[d]istrict courts in California have applied both the California statutory rate and the Treasury Bill rate"); *Junker*, 2008 WL 3385819, at *6 (concluding that the prime rate was reasonable). "A trial court is afforded wide latitude in the selection of interest rates, and may award interest at or above the prime rate." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (internal citation omitted).

Here, the Court finds that California's statutory rate of seven percent is appropriate to fully compensate Columbia and to prevent Seirus from being unjustly enriched by its infringement of the Design Patent. *See Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 723 F. Supp. 2d 1284, 1330 (S.D. Cal. 2010), *aff'd in part, vacated in part*, 702 F.3d 1351 (Fed. Cir. 2012) ("California courts have found that a simple interest rate of 7% is usually appropriate to fully compensate the plaintiff for the infringement."); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.* 886 F.2d 1545, 1552 (9th Cir. 1989) (relying, in part, on patent law to conclude that in the copyright context, "[a]warding prejudgment interest on . . . defendant's profit is consistent

---

[2] Cal. Const. art. XC, § 1 ("The rate of interest upon the loan or forbearance of any money, goods, or things in action, or on accounts after demand, shall be 7 percent per annum . . . .").

with the purpose underlying the profits remedy"); *Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 250 F. Supp. 2d 333, 339 (S.D.N.Y. 2003), *vacated, in part, on other grounds*, 90 Fed. App'x 543 (Fed. Cir. 2004) ("[T]he infringer has benefitted from the use of profits to which it was not entitled. Prejudgment interest removes the incentive to live off of the profits until caught."). Therefore, the Court awards prejudgment interest at a rate of seven percent on Seirus's total profits from its infringement of the Design Patent.

## CONCLUSION

Columbia's Motion for Prejudgment Interest and an Accounting for Supplemental Profits [396] is GRANTED in part.

Dated this 17 day of APRIL, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge