UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>Defendant. | Case No.: 3:17-cv-01781-HZ<br><br>**COLUMBIA'S PROPOSED AMENDMENTS TO JURY INSTRUCTIONS 9-11 AND 13**<br><br>Judge:        Marco A. Hernandez<br>Courtroom: 4C, 4th Floor<br><br>Date Action Filed: January 12, 2015<br>Remanded:            March 1, 2020<br>Trial Date:             August 3, 2021 |

## COLUMBIA'S PROPOSED AMENDMENTS

**Instruction No. 10** – Amend the second sentence of the third paragraph to read as follows: "You do not need, however, to find that any purchasers were actually deceived, nor do you need to find any actual confusion or likelihood of confusion amongst consumers in the marketplace."

*Support*: "Likelihood of confusion is not a necessary or appropriate factor for determining infringement of a design patent." *Unette Corp. v. Unit Pack Co.*, 785 F.2d 1026, 1029 (Fed. Cir. 1986). "Concluding that a purchaser is unlikely to be confused by any similarity in a competitor's product only serves to blur the otherwise clear line that exists between the test of infringement of a design patent and the 'likelihood of confusion test' for infringement of a design patent." *Id*.

**Instruction No. 11** – Replace second sentence of first paragraph with the following: "The term 'prior art' refers to prior designs that address the same subject matter or field of endeavor as the patented design or that address a field of endeavor so similar that a designer having ordinary skill would look to articles in that field for their designs."

*Support*: *See Hupp v. Siroflex of Am., Inc.*, 122 F.3d 145, 1462 (Fed. Cir. 1997) ("[t]he scope of prior art is not the universe of abstract design . . . [but is limited to] designs of the same article of manufacture or of articles so similar that a person of ordinary skill would look to such articles for their designs."); *see also* "Whether a

1

PROPOSED AMENDMENTS TO JURY          CASE NO.: 3:17-CV-01781-HZ
INSTRUCTIONS 9-11 AND 13

reference is analogous art is a question of fact." *Circuit Check Inc. v. QXQ, Inc.*, 795 F.3d 1331, 1335 (Fed. Cir. 2015).

**Instruction No. 13** – Amend title to read "Marketing Materials." Add last sentence which reads, "However, you may consider marketing-related materials if you find they are relevant to the comparison between Columbia's D'093 Patent and Seirus's accused HeatWave products."

*Support*:  The jury is entitled to consider evidence that the messages in Seirus's marketing materials impact consumers' perception of the overall appearance of the accused design.

## COLUMBIA'S RESPONSE TO SEIRUS'S PROPOSED AMENDMENTS

### Instruction 9

Inventor testimony as to the inventor's subjective intent is irrelevant to the scope of the claimed invention.

**Columbia's Response**:   OK

### Instruction 10:

a.      Function is not a relevant consideration in order to determine whether there's an infringement of a design patent.

**Columbia's Response:**   While design patents are limited to ornamental designs, excluding functional considerations, they also are limited to the article of

2

PROPOSED AMENDMENTS TO JURY                CASE NO.: 3:17-CV-01781-HZ
INSTRUCTIONS 9-11 AND 13

manufacture recited in the claim.  This limits the scope of the claim, but does not import a functional limitiation.  For example, in this case, purveyors of heat reflective materials infringe only if they use Columbia's patented design.

**b.**   You are to consider only the allegedly infringed product in its final form in order to determine whether there's an infringement.

**Columbia's Response:**   This proposed instruction is erroneous to the extent it suggests that other potentially relevant materials, such as the marketing materials at issue in this case should be ignored.  While the relevant comparison for purposes of determining infringement involves comparing the design patent claim to the accused products, it would be error to suggest that all other relevant evidence should be ignored.

**c.**   You should not ignore any element of the accused design.

**Columbia's Response:**   This additional statement is confusing and unnecessary, and should not be included.

**Instruction 11**:  Columbia does not concede that the alleged prior art references offered by Seirus qualify as relevant prior art and therefore opposes listing exhibits received into evidence as such.

3

PROPOSED AMENDMENTS TO JURY INSTRUCTIONS 9-11 AND 13          CASE NO.: 3:17-CV-01781-HZ

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021, I served the foregoing document on the following counsel of record for Defendant Seirus Innovative Accessories, Inc.:

| By electronic service via the Court's CM/ECF System | Christopher S. Marchese<br>marchese@fr.com<br>Seth M. Sproul<br>sproul@fr.com<br>John W. Thornburgh<br>thornburgh@fr.com<br>Michael A. Amon<br>amon@fr.com<br>Tucker N. Terhufen<br>Terhufen@fr.com<br>Oliver J. Richards<br>orichards@fr.com<br>**Fish & Richardson PC**<br>12390 El Camino Real<br>San Diego, CA 92130 |
|---|---|

*s/ Nika Aldrich*
Nika Aldrich
Email: naldrich@schwabe.com

1

CERTIFICATE OF SERVICE                                CASE NO.: 3:17-CV-01781-HZ