

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., | |
| Plaintiff, | No. 3:17-cv-01781-HZ |
| v. | JURY INSTRUCTIONS |
| SEIRUS INNOVATIVE ACCESSORIES, INC., | |
| Defendant. | |

No. 1: Final Jury Instructions—Instructions on your Duties

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath to do so.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

No. 2: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of witnesses;

2. The exhibits which have been admitted into evidence;

3. Any facts to which all the lawyers have agreed; and

4. Any facts that I have instructed you to accept as proved.

### No. 3: What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I have instructed you to consider evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

No. 4: Depositions

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

## No. 5: Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

No. 6: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of this case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## No. 7: Burden of Proof

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

No. 8: Summary of Contentions

I will now summarize Columbia's contentions in this case. I will then tell you what Columbia must prove to win on its contentions. Columbia alleges that Seirus infringed U.S. Patent No. D657,093 ("Design Patent") by selling certain HeatWave products. Seirus denies that it has infringed the Design Patent.

Columbia has the burden of proving its claim by a preponderance of the evidence.

You job is to decide only whether the Design Patent has been infringed. The validity of the Design Patent is not at issue.

No. 9: Design Patent Claims

Before you decide whether Seirus has infringed Columbia's Design Patent, you will have to understand the design patent claim.

A design patent's claim defines what is covered by the patent. The claim is typically represented by illustrations. It is permissible to illustrate more than one embodiment of a design in a single design patent application. Each design patent contains multiple drawings to illustrate the claimed design.

The scope of the claim encompasses the design's visual appearance as a whole. It does not cover a general design concept and is not limited to isolated features of the drawings. An inventor's subjective intent is not relevant to the scope of the claimed design.

No. 10: Infringement

Patent law gives the owner of a design patent the right to exclude others from importing, making, using, offering to sell, or selling the patented designs within the United States during the term of the patent. Any person or company that has engaged in any of those acts without the design patent owner's permission infringes the patent.

To determine infringement of a design patent, you must compare the overall appearances of the accused design to the Design Patent. The accused design is Seirus's HeatWave fabric. If you find by a preponderance of the evidence that the overall appearance of the accused design is substantially the same as the overall appearance of the Design Patent, you must find that the accused design infringed the Design Patent.

Two designs are substantially the same if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the resemblance between the two designs is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other. You do not need, however, to find that any purchasers were actually deceived or confused by the appearance of the accused products. You should consider any perceived similarities or differences between the patented and accused designs. Minor differences should not prevent a finding of infringement.

Whether a party knew its products infringed or even knew of the Design Patent does not matter in determining infringement.

No. 11: Prior Art

You must decide what is prior art. Prior art includes things that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country before the creation of the claimed design.

You must familiarize yourself with the prior art in determining whether there has been infringement. When the claimed design is visually close to prior art designs, small differences between the accused design and the claimed design may be important in analyzing whether the overall appearances of the accused and claimed designs are substantially the same.

While the evaluation of the prior art may be helpful, please keep in mind that the sole test for infringement is whether the overall appearances of the accused design and the claimed design are substantially the same. If you find that the accused design is substantially the same, then you must find that the accused design infringes the Design Patent.

## No. 12: Ordinary Observer

To determine infringement, you must compare the overall appearances of the accused design and the claimed design from the perspective of the ordinary observer. The ordinary observer is the end consumer who buys and uses Seirus's products.

## No. 13: Marketing Materials

You have also heard evidence about Seirus's marketing materials, including its hang tags. Seirus's marketing materials are not the accused design.

15 – JURY INSTRUCTIONS

No. 14: Deliberations

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court. You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

*(Special Verdict Form is read)*

You will note that there is a question. The answer to the question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the space provided opposite the question. All jurors should participate in all deliberations and vote on the question.

The presiding juror will then date and sign the special verdict form as completed and you will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this

17 – JURY INSTRUCTIONS

case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue

your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.