IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

COLUMBIA SPORTSWEAR NORTH
AMERICA, INC.,

                    Plaintiff,

     v.

SEIRUS INNOVATIVE ACCESSORIES,
INC.,

                    Defendant.

No. 3:17-cv-01781-HZ

OPINION & ORDER

Nika Aldrich
Scott D. Eads
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204

      Attorneys for Plaintiff

Christopher S. Marchese
Seth M. Sproul
John W. Thornburg
Michael A. Amon
Oliver J. Richards
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

      Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

This case involves a longstanding patent infringement dispute between Plaintiff Columbia Sportswear North America, Inc. ("Columbia") and Defendant Seirus Innovative Accessories, Inc. ("Seirus"). Columbia alleges that Seirus's Heatwave products infringed its '093 Design Patent ("D'093 Patent") related to its heat reflective lining—Omni Heat—used in outdoor sporting gear. Now, Seirus moves for relief from a 2016 Stipulated Judgment of Validity in light of the Federal Circuit's decision in *LKQ Corp. v. GM Global Technology Operations, LLC*, 102 F.4th 1280 (Fed. Cir. 2024). For the reasons that follow, the Court grants Seirus's motion.

## BACKGROUND

Plaintiff filed this case in 2015, asserting infringement of both the D'093 Patent and the related utility patents. In its answer and counterclaims, Seirus asserted an invalidity defense and counterclaims, alleging—among other things—that the D'093 patent was invalid for obviousness. *See* Seirus Answer, ECF 37. After some initial discovery in 2015 in which Seirus continued to allege that the patents were invalid, Seirus changed course in 2016 with regard to the D'093 patent. The parties stipulated to an entry of judgment that its "counter claim and defense of invalidity associated with [the D'093] patent are dismissed with prejudice." Joint Mot. J., ECF 79. The Court entered the Stipulated Judgment of Validity on March 17, 2016. J. Validity, ECF 81.

Between the Stipulated Judgment and this motion, the parties have proceeded through summary judgment, two jury trials, two rounds of claim construction, and two appeals to the Federal Circuit. As this case was proceeding, Seirus also requested reexamination of the D'093 Patent with the U.S. Patent and Trademark Office. Burnside Decl. Ex. 7, ECF 658. Among other

things, Seirus argued that the D'093 Patent was obvious. *Id.* at 6–7, 39–40. Ultimately, the Patent Office issued a reexamination certificate. Aldrich Decl. Ex. 19, ECF 649.

On May 24, 2024, while the parties were briefing claim construction in this case and after the Court set a trial date for December 9, 2024, the Federal Circuit issued its *en banc* decision in *LKQ Corp. v. GM Global Technology Operations*, 102 F.4th 1289 (Fed. Cir. 2024). The decision overruled the *Rosen-Durling* test for obviousness in the design patent context. A month later, Seirus filed the present motion. Seirus seeks relief from the Stipulated Judgment of Validity and asks the Court to allow a challenge to the validity of the D'093 patent for the first time in this case. Def. Mot. 1, ECF 654.

## DISCUSSION

Seirus moves for relief from the Stipulated Judgment of Validity under Rule 60(b)(6), arguing that relief is warranted in light of the Federal Circuit's decision in *LKQ Corp. v. GM Global Technology Operations*, 102 F.4th 1289 (Fed. Cir. 2024) (en banc). Specifically, Seirus argues that it should be permitted to pursue its defense that the D'093 Patent is invalid as obvious under the new, less-rigid approach to design patent obviousness outlined in *LKQ*. Columbia opposes the motion, arguing that Seirus should be held to its now eight-year-old stipulation and that a "mere change in the law" is not an extraordinary circumstance justifying relief.[1]

---

[1] The Court notes that Rule 60(b) applies to "a *final* judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b) (emphasis added). The Court has doubts that this is the appropriate mechanism for relief from this Stipulated Judgment, which addressed only Seirus's invalidity defense and counterclaim. The parties, however, do not appear to dispute its application to the present issue. Further, reconsideration of a court order is appropriate if there is an intervening change in the controlling law. *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

3 – OPINION & ORDER

"Federal Rule of Civil Procedure 60(b) is a grand reservoir of equitable power that allows courts to grant relief from a final judgment for 'any' reason that 'justifies relief.'" *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 439 (9th Cir. 2019) (citing Fed. R. Civ. P. 60(b)(6)). Under Rule 60(b)(6)—which provides the court may relieve a party from a final judgment or order "for . . . any . . . reason that justifies relief"—the movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* at 443–44 (quoting *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013)).

"[A] change in the controlling law can—but does not always—provide a sufficient basis for granting relief under Rule 60(b)(6)." *Id.* at 444 (citing *Phelps v. Alameida,* 569 F.3d 1120, 1132–33 (9th Cir. 2009)). The court must engage in a "case-by-case inquiry" to "evaluate the circumstances surrounding the specific motion before the court." *Phelps*, 569 F.3d at 1133. The non-exhaustive list of factors that the Ninth Circuit has identified as relevant to this inquiry include: (1) the nature of the intervening change in the law; (2) the movant's diligence in pursuing their claim for relief; (3) the parties' reliance interest in the finality of the case; (4) the delay between the finality of the judgment and the Rule 60(b)(6) motion; (5) the relationship between the original judgment and the change in the law; and (6) concerns of comity. *Henson, 943 F.3d at 446*–54. "[A] court's ultimate charge in evaluating a Rule 60(b)(6) motion remains to 'intensively balance' all the relevant factors, 'including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 446 (quoting *Phelps*, 569 F.3d at 1133, 1135).

Weighing all the relevant factors and circumstances in this case, the Court finds it appropriate to grant relief under Rule 60(b)(6). While this motion involves a stipulated judgment that was the result of Seirus's knowingly calculated risk, on balance the factors weigh in Seirus's

favor. The *en banc* decision in *LKQ* was extraordinary, overturning decades-old and improperly-rigid precedent. *LKQ*, 102 F.4th at 1294. In addition, litigation involving the D'093 patent is still ongoing, and no final judgment has been entered in this case. Accordingly, the Court grants Seirus's motion.

## I. Nature of the Intervening Change in the Law

The first factor is the nature of the intervening change in the law. "A 'clear and authoritative' change in the law governing the judgment in a petitioner's case may present extraordinary circumstances." *See Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020). "[B]oth a change in the law that settles a previously unsettled issue as well as a decision that overturns an area of settled law may favor granting relief." *Capella Photonics, Inc. v. Cisco Sys. Inc.*, Case No. 14-cv-03348-EMC, 2019 WL 7372274, at *3 (N.D. Cal. Dec. 31, 2019) (citing *Henson*, 943 F.3d at 446). Courts should not, however, "in rote fashion rely on the conclusion from a different context that any particular type of change in the law favors or disfavors relief." *Henson*, 943 F.3d at 446.

This factor is neutral in this case. Weighing against Seirus is the stipulated nature of the judgment. *See Henson*, 943 F.3d at 453 n.11 ("[T]he extent to which [the plaintiffs] are at fault for their own predicament as a result of taking a calculated risk may be an appropriate consideration . . . under the factor that considers the nature of the change in the law."); *Ackermann v. U.S.*, 340 U.S. 193, 200 (1950) (affirming denial of a Rule 60(b)(6) motion where the petitioner made the "voluntary, deliberate, free, untrammeled choice . . . not to appeal.") In other words, the judgment was "the result of their knowingly taking a calculated risk for which they should be held responsible." *Henson*, 943 F.3d at 447; *see also Fed. Trad Comm'n v. AH Media Grp., LLC*, 339 F.R.D. 612, 620 (N.D. Cal. 2021) ("To start, the law in our circuit was

5 – OPINION & ORDER

settled decidedly against defendants at the time they stipulated to the orders at issue. This factor cuts against granting relief."). The parties can only speculate as to why Seirus stipulated to validity. There is no dispute, however, that the law regarding obviousness—which is now the basis for Seirus's motion—was well-settled at the time of the judgment and set a high bar for obviousness challenges. *See LKQ*, 102 F4th at 1293 ("We conclude that the *Rosen-Durling* test requirements . . . are improperly rigid."). Indeed, Seirus's obviousness arguments under *Rosen-Durling* during the reexamination of the D'093 patent ultimately failed. But Seirus's decision in this case to forego arguments that the D'093 Patent was obvious under *Rosen-Durling* was its alone.

Weighing in favor of Seirus are the extraordinary nature of the *LKQ* decision and the fact that Columbia's claim involving the D'093 Patent has yet to be decided in this case. As Seirus points out, *LKQ* was an *en banc* decision overturning decades-old precedent on obviousness in the design patent context. *See LKQ*, 102 F.4th at 1295 (overturning *In re Rosen*, 673 F.2d 388, 391 (CCA 1982) and *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100, 103 (Fed. Cir. 1996)). While acknowledging "the respect due to long-standing panel precedents," the court in *LKQ* found that the *Rosen-Durling* test was "improperly rigid" and "out of keeping with the Supreme Court's general articulation of the principles underlying obviousness, as well as its specific treatment of validity of design patents." *LKQ*, 102 F.4th at 1293. In addition, there has not been a final judgment on the claims regarding the design patent in this case. Thus, on balance, this factor does not weigh for or against Seirus.

**II.     Defendant's Diligence in Pursuing its Claim for Relief**

"The second . . . factor is the [movant's] exercise of diligence in pursuing his claim for relief." *Henson*, 943 F.3d 449. While Seirus promptly moved for relief from the judgment after

the *LKQ* decision, Seirus was not otherwise diligent in pursuing its defense. Seirus stipulated to validity of the patent and did not litigate validity—or obviousness—of the D'093 patent in this case. *See id.* at 450 ("In *Phelps*, because the petitioner sought the benefit of a favorable change in the law, the fact that the petitioner had been diligent in advancing the legal position that was ultimately adopted by that change in the law was relevant to the equitable considerations implicated by a Rule 60(b)(6) motion."). Though Seirus challenged the validity of the D'093 Patent in the reexamination, it did not pursue "all possible avenues" in advocating for its position here. *See id.* at 449. This factor weighs against Seirus.

### III. The Parties' Reliance Interest in the Finality of the Case

The third factor is "whether granting the Rule 60(b) motion for relief from judgment would upset 'the parties' reliance interest in the finality of the case.'" *Henson*, 943 F.3d at 450 (quoting *Phelps*, 569 F.3d at 1137). This motion involves a partial judgment that was entered prior to the end of the case and while litigation over the relevant patent is still ongoing. Neither party has changed its legal position in reliance on the judgment and no effects of the judgment would be disturbed if vacated for consideration on the merits. The parties have no reliance interest in the finality of the case. *See Henson*, 943 F.3d at 451 ("Because the present case was still pending on appeal when *Microsoft* was decided, and was then remanded to the district court for further proceedings, Fidelity could not reasonably have believed the dismissal was immutably final."). This weighs in favor of granting Seirus's motion.

### IV. The Delay Between the Finality of the Judgment and the Rule 60(b)(6) Motion

The fourth factor considers the "length of time between when the original judgment . . . became final *after* appeal, and the time at which a party filed its motion for Rule 60(b)(6) relief." *Phelps*, 569 F.3d at 1138 n.21 (emphasis added). "This factor stands for the principle that a

7 – OPINION & ORDER

change in the law should not indefinitely render preexisting judgments subject to potential challenge." *Jones*, 733 F.3d at 840 (internal quotation and citation omitted). Eight years passed between the Stipulated Judgment and Seirus's motion. In this case, however, the Stipulated Judgment never truly became final because the case is still open and litigation of the D'093 patent is ongoing. *See Henson*, 943 F.3d at 452 (factor weighed in favor of Rule 60(b)(6) relief where the judgment never truly became final on appeal and the plaintiffs moved for relief shortly after remand to the district court). Thus, this factor also weighs in favor of relief.

V.      **The Relationship Between the Original Judgment and the Change in the Law**

"The fifth . . . factor 'looks to the closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law.'" *Henson*, 943 F.3d at 452 (quoting *Jones*, 733 F.3d at 840). "[T]his factor recognizes the ever-changing nature of the law and seeks to measure whether any particular change is extraordinary under the circumstances as a result of a direct relationship to the original judgment." *Id.* Here, it is "the nature of that change is important." *Phelps*, 569 F.3d 1139.

This factor weighs slightly in favor of granting relief. The Stipulated Judgment dismissed Seirus's counterclaim and defense of invalidity of the D'093 Patent, which included allegations that the D'093 Patent is invalid as obvious. *See* Answer, ECF 37. The change in the law under *LKQ* goes directly to the obviousness inquiry, marking an extraordinary change as to the standard for obviousness. *See LKQ*, 102 F.4th at 1293. Thus, while the judgment is vague and addresses Seirus's invalidity defense and counterclaim in general terms, the significant change in the law as to obviousness is related to the Stipulated Judgment, which encompassed Seirus's obviousness allegations.

///

VI. **Comity**

This factor—concerns of comity—is inapplicable here. *See Henson*, 943 F.3d at 453 ("[C]onsiderations of comity between the independently sovereign state and federal judiciaries . . . do not apply here at all, because this case does not involve a federal habeas petition that challenges a state conviction." (internal quotations and citation omitted)).

VII. **Additional Considerations**

The Court finds that there are no additional considerations relevant to its analysis. However, it emphasizes—as it has elsewhere in this Opinion—the unique procedural posture of this motion. The Stipulated Judgment was a partial judgment entered just over a year after the case was first filed. There is no final judgment in this case, and the relevant claims are still being actively litigated by the parties in this case. This alone weighs heavily in favor of allowing Seirus to pursue its obviousness challenge.

## CONCLUSION

The Court GRANTS Defendant Seirus's Motion for Relief from Judgment of Design Patent Validity [654].

IT IS SO ORDERED.

DATED: _____October 30, 2024_____.

                                                    _____
                                                    MARCO A. HERNÁNDEZ
                                                    Senior United States District Judge